**Brenna K. Legaard, OSB #001658**
Email: blegaard@schwabe.com
**Angela E. Addae, OSB #163335**
Email: aaddae@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Attorneys for Defendant and Counterclaimant,
Avery Dennison Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ADASA INC.**, <br><br> Plaintiff, Counterclaim Defendant, <br><br> vs. <br><br> **AVERY DENNISON CORPORATION**, <br><br> Defendant, Counter Claimant. | Case No. 6:17-cv-01685-TC <br><br> **AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT** <br><br> DEMAND FOR JURY TRIAL |

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant Avery Dennison Corporation ("Avery Dennison") hereby responds to the Complaint ("Complaint") of Plaintiffs Adasa, Inc. ("Adasa"). Avery Dennison denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Avery Dennison denies that Adasa is entitled to the relief requested or any other relief.

Page 1 -   AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## I. THE PARTIES

1. Avery Dennison lacks knowledge or information sufficient to confirm or deny ADASA's corporate status or principle place of business, and therefore denies the allegations in paragraph 1.

2. Admitted.

## II. JURISDICTION AND VENUE

3. Avery Dennison admits that this action purports to be one for alleged patent infringement, and admits that this Court has jurisdiction over said action.

4. Avery Dennison admits that it is subject to the personal jurisdiction of this Court, and that venue is proper. Except as specifically admitted, Avery Dennison denies the allegations of paragraph 4.

## III. PATENTS IN SUIT

5. Avery Dennison admits that Exhibit A purports to be a copy of US Patent No. 9,798,967. Except as specifically admitted, Avery Dennison denies the allegations of paragraph 5.

6. Avery Dennison lacks the information necessary to admit or deny the allegations of paragraph 6, and on that basis denies them.

7. The '967 Patent speaks for itself. Except as specifically admitted, Avery Dennison denies the allegations of paragraph 7.

## IV. BACKGROUND

8. Avery Dennison lacks the information necessary to admit or deny the allegations of paragraph 8, and on that basis denies them.

9. Avery Dennison lacks the information necessary to admit or deny the allegations of paragraph 9, and on that basis denies them.

10. Avery Dennison admits that as RFID tags are used for tracking merchandise, the

Page 2 - AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

memory in an RFID tag is encoded with an Electronic Product Code ("EPC"), which is used to uniquely identify a particular item. Avery Dennison admits that EPCs contain serial numbers to avoid duplicate numbers among items. Avery Dennison admits that the EPC can be in a format in accordance with one of various EPC tag data standards set by GS1 for a serialized identifier, such as a Serialized Global Trade Item Number (SGTIN), Serial Shipping Container Code (SSCC), Serial Global Location Number (SGLN), or the like. Except as specifically admitted, Avery Dennison denies the allegations of paragraph 10.

11. Admitted.

12. Avery Dennison admits that the "object class" information of the SGTIN is not unique in and of itself, and that the function of this section of SGTIN format is to identify different types of products that may be sold by a particular brand owner. Avery Dennison denies the allegations of paragraph 12 regarding a brand owner's "ultimate responsibility" for providing a unique serial number, as such arrangements vary. Avery Dennison admits that the combination of an object class and unique serial number provides a unique object number that is contained in the EPC.

13. Avery Dennison lacks the information necessary to admit or deny allegations regarding what Mr. McAllister believes he invented, and denies the allegations of Paragraph 13 on that basis.

14. Avery Dennison lacks the information necessary to admit or deny allegations regarding what Mr. McAllister believes he invented, and denies the allegations of Paragraph 14 on that basis.

15. Avery Dennison lacks the information necessary to admit or deny allegations regarding what Mr. McAllister believes he invented, and denies the allegations of Paragraph 15 on that basis.

16. Avery Dennison lacks the information necessary to admit or deny allegations regarding what Mr. McAllister believes he invented, and denies the allegations of Paragraph 16

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

on that basis.

17. Avery Dennison lacks the information necessary to admit or deny allegations regarding what Mr. McAllister believes he invented and denies the allegations of Paragraph 17 on that basis.

## V. FIRST CLAIM FOR RELIEF
### (Patent Infringement)

18. Avery Dennison incorporates by reference its answers to paragraphs 1-17 as if set forth herein.

19. Denied.

20. Denied.

21. Avery Dennison admits that it sells RFID tags for customers, which are RFID transponders that comprise a substrate, an antenna, and an RFID IC chip coupled to the antenna. Avery Dennison admits that it purchases RFID chips from Impinj and other chip manufacturers. Avery Dennison admits that it encodes the IC chips of the tags pursuant to GS1 standards and guidelines. Avery Dennison admits that it uses the inlays listed in Paragraph 21. Except as specifically admitted, Avery Dennison denies the allegations of Paragraph 21.

22. Avery Dennison admits that it encodes the RFID tags and labels with an EPC, and that the EPC is encoded as a binary encoding within the memory structure of the RFID IC chip of the tag having an object class information space and a unique serial number space. Avery Dennison admits that the object class information space is encoded with the object class information for an item and the unique serial number space is encoded with a unique serial number for that specific item within that object class. Except as specifically admitted, Avery Dennison denies the allegations of paragraph 22.

Page 4 - AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

23. Avery Dennison admits that it encodes RFID tags in with EPCs in accordance with the SGTIN-96 standard, in which the serial number space is 38 bits. Except as specifically admitted, Avery Dennison denies the allegations of paragraph 23.

24. Denied.

25. Denied.

26. Avery Dennison admits that its counsel received a letter from Plaintiff's counsel sent on October 6, 2017, and sent a letter to Plaintiff's counsel on October 19, 2017, advising counsel that the claims of the '967 patent are invalid for failing to meet the requirements of 35 U.S.C. § 101. Except as specifically admitted, Avery Dennison denies the allegations of paragraph 26.

27. Denied.

## GENERAL DENIAL AND RESPONSE TO PRAYER FOR RELIEF

Avery Dennison specifically denies each and every allegation in the Complaint not otherwise specifically admitted herein. Avery Dennison further denies that Plaintiff is entitled to any of the remedies or relief requested in Plaintiff's Prayer for Relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

Avery Dennison asserts the following affirmative defenses in response to Adasa's Complaint. Avery Dennison reserves the right to allege additional affirmative defenses as they become known throughout the course of discovery.

Page 5 - AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

1. Avery Dennison has not infringed any claim of the '967 patent, either literally or under the doctrine of equivalents. Avery Dennison has not induced or contributed to any infringement of the '967 patent by others.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

2. The claims of the '967 patent are invalid for failure to comply with the conditions for patentability specified in Part 2 of Title 35 U.S.C. § 101 *et seq.*

### THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

3. The Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE
### (No Irreparable Harm)

4. Plaintiff is not entitled to injunctive relief because, *inter alia*, any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

### FIFTH AFFIRMATIVE DEFENSE
### (Damages Limitations)

5. Plaintiffs' claims for damages are barred in whole or in part under 35 U.S.C. §§ 286, 287, and 288.

### EIGHTH AFFIRMATIVE DEFENSE
### (Equitable Defenses)

6. Plaintiff's claims for relief are barred in whole or in part by the doctrines of waiver, equitable estoppel, unclean hands, or other applicable equitable doctrines.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

## NINTH AFFIRMATIVE DEFENSE
(Exceptional Case)

7. This is an exceptional case under 35 U.S.C. § 285, and accordingly, Avery Dennison is entitled to its attorneys' fees incurred in defending against Plaintiff's Complaint.

## TENTH AFFIRMATIVE DEFENSE
(Substantial Non-Infringing Use)

8. Each Avery Dennison product accused of infringement has at least one substantial use that does not infringe any claim of the '967 patent, and does not induce or contribute to the alleged infringement of any claim of the '967 patent.

## ELEVENTH AFFIRMATIVE DEFENSE
(Patent Misuse)

9. Plaintiffs are barred from enforcing the '967 patent by the doctrine of patent misuse.

## COUNTERCLAIMS

Defendant/Counterclaimant Avery Dennision, Inc. ("Avery Dennison") brings the following counterclaims against Plaintiff/Counterclaim-Defendant ADASA, Inc. ("Adasa"), and alleges as follows:

1. This is a Declaratory Judgment action for declarations of non-infringement and invalidity as to U.S. Patent No. 9,798,967 (the "'967 patent").

2. Avery Dennison is a Delaware corporation having its principal place of business in Glendale, CA. Avery Dennison's Retail Branding and Information maintains an office in Beaverton, Oregon.

3. On information and belief, Adasa is an Oregon corporation having its principal place of business in Eugene, Oregon.

Page 7 - AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. Accordingly, this Court has subject matter jurisdiction over Adasa's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338.

5. On October 24, 2017, Plaintiff filed its original complaint alleging that Avery Dennison infringes the '967 patent.

6. Avery Dennison denies infringement and disputes the validity of one or more of the asserted claims of the patents-in-suit.

7. Therefore, a real, immediate, and justiciable controversy exists between Plaintiff and Avery Dennison with respect to the validity and non-infringement of the '967 patent. Accordingly, the Court also has subject matter jurisdiction over these counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

8. As plaintiff in the above-captioned lawsuit, Plaintiff has consented to jurisdiction and venue in this Court. A substantial part of the events giving rise to these declaratory judgment claims also occurred in this District. As such, this Court has personal jurisdiction over Plaintiff, and venue is proper under at least 28 U.S.C. § 1391.

**Count 1: Declaratory Judgment of Non-Infringement of the '967 Patent**

9. Each allegation in paragraphs 1–10 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

10. The '967 patent was issued by the United States Patent and Trademark Office. Upon information and belief, Plaintiff claims to own the '967 patent and to hold the right to enforce it.

Page 8 - AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

11. Plaintiff has asserted that Avery Dennison infringes the '967 patent. Thus, an actual and justiciable controversy exists between Avery Dennison and Plaintiff concerning infringement of the '967 patent.

12. Avery Dennison has not infringed and does not infringe any valid claim of the '967 patent literally, under the doctrine of equivalents, directly, contributorily, by inducement, or in any other manner.

13. Accordingly, Avery Dennison is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* that it has not infringed and does not infringe any valid claim of the '967patent.

**Count II: Declaratory Judgment of Invalidity of the '967 Patent**

14. Each allegation in paragraphs 1–13 of these Counterclaims is re-alleged and incorporated by reference as though fully set forth herein.

15. The asserted claims of the '967 patent are invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, for example, §§ 101, 102, 103, 112, and/or the non-statutory doctrine of double patenting.

16. Specifically, the claims of the '967 patent are directed toward an abstract idea of a method of numbering items, and the claims contain no inventive concept that would make them eligible for patenting.

17. Additionally, the claims of the '967 patent are invalid as obvious in view of or anticipated by one or more prior art references, including but not limited to *RFID for Dummies*, attached hereto as Exhibit A.

Page 9 - AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

18. Accordingly, Avery Dennison is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.* that the claims of the '967 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Avery Dennison respectfully prays for the following relief:

(a) that Plaintiff takes nothing by their Complaint;

(b) that Plaintiff's Complaint be dismissed in its entirety with prejudice;

(c) a declaration and judgment that the claims of United States Patent No. 9,798,967 is not directly or indirectly infringed by Avery Dennison;

(d) a declaration and judgment that the claims of United States Patent No. 9,798,967 are invalid;

(e) a declaration and judgment that this case is an "exceptional" case within the meaning of 35 U.S.C. § 285;

(f) an award of reasonable attorneys' fees, expenses and costs incurred by Avery Dennison in this action; and

(g) such other and further relief to which Avery Dennison may be entitled, or which the Court deems just and proper.

Page 10 - AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Avery Dennison requests a trial by jury of all issues so triable.

Dated this 29th day of December 2017.

Respectfully submitted,

SCHWABE, WILLIAMSON & WYATT, P.C.

By: s/ Brenna K. Legaard
Brenna K. Legaard, OSB #001658
Email: blegaard@schwabe.com
Angela E. Addae, OSB #163335
Email: aaddae@schwabe.com
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Of Attorneys for Defendant
Avery Dennison Corporation*

Page 11 - AVERY DENNISON CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900