UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ADASA INC., | Case No.: 6:17-cv-01685-MK |
| Plaintiff, | OPINION AND ORDER |
| v. | RE: PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS RE: INTERVENING RIGHTS |
| AVERY DENNISON CORPORATION, | |
| Defendant. | |

**KASUBHAI, Magistrate Judge:**

Plaintiff brought this action alleging that Defendant infringed its patent in violation of 35 U.S.C. §§ 271(a), (b), (c), and (f). Second Am. Compl., ECF No. 112. Both parties consent to jurisdiction by a U.S. Magistrate Judge. ECF No. 29.

Before the Court are (1) Plaintiff's Motion for Judgment on the Pleadings (ECF No. 121), (2) Defendant's Request for Judicial Notice (ECF No. 128), and (3) Defendant's Motion for Judgment on the Pleadings Regarding Intervening Rights (ECF No. 128). The Court heard oral argument on February 25, 2020. ECF No. 155. For the reasons set forth below, Defendant's Request for Judicial Notice (ECF No. 128) is GRANTED; Plaintiff's Motion for Judgment on

the Pleadings (ECF No. 121) is GRANTED; and Defendant's Motion for Judgment on the

Pleadings Regarding Intervening Rights (ECF No. 128) is DENIED.

## BACKGROUND

Plaintiff filed the original Complaint alleging that Defendant infringed its U.S. Patent No.

9,798,967 (" '967 Patent"). ECF No. 1. Defendant filed an Answer, raising a number of

affirmative defenses. ECF No. 13.

The USPTO issued a Reexamination Certificate on July 30, 2018 indicating that all

claims of the '967 Patent are patentable. Am. Compl. Ex. A, 42, Ex Parte Reexamination

Certificate, ECF No. 71-1. Plaintiff filed a First Amended Complaint asserting the claims from

the '967 Patent as issued in the Reexamination Certificate. ECF No. 71. Defendant filed an

Answer to the First Amended Complaint asserting the same affirmative defenses and adding

affirmative defenses nine and ten for absolute and equitable intervening rights. Answer 5-7, ECF

No. 73. Defendant later withdrew affirmative defenses three through eight at Plaintiff's

challenge to their sufficiency. Stipulation to File First. Am. Answer and Counter Claims 2, ECF

No. 75; Am. Answer 5-6, ECF No, 79.

Plaintiff then filed a Second Amended Complaint, which is the current operative

Complaint. ECF No. 112. Defendant filed an Answer, reasserting affirmative defenses three

through eight and the affirmative defenses of absolute intervening rights and equitable

intervening rights. Answer 10-11, ECF No 114. Defendant's affirmative defenses three through

eight are: (3) failure to state a claim upon which relief can be granted; (4) no irreparable harm for

injunctive relief; (5) damages limitations under 35 U.S.C. §§ 286, 287, and 288; (6) equitable

defenses including waiver, equitable estoppel, and unclean hands; (7) exceptional cases under 35

U.S.C. § 285; and (8) [Defendant]'s accused product having a substantial non-infringing use. *Id.*

## LEGAL STANDARD

"A judgment on the pleadings is properly granted when, taking all the allegations in the

pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser*

*Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Nelson v. City of Irvine*,

143 F.3d 1196, 1200 (9th Cir. 1998)).  Procedural law of the regional circuit governs Rule 12(c)

motions for judgment on the pleadings in patent cases. *Amdocs (Israel) Ltd. V. Openet Telecom,*

*Inc.*, 841 F.3d 1288, 1293 (Fed. Cir. 2016).  In the Ninth Circuit, a Rule 12(c) motion for

judgment on the pleadings is "functionally identical" to a Rule 12(b)(6) motion to dismiss for

failure to state a claim upon which relief could be granted. *Dworkin v. Hustler Magazine, Inc.*,

867 F.2d 1188, 1192 (9th Cir. 1989).

To survive a motion to dismiss, the complaint must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

When assessing the sufficiency of any civil complaint, a court must distinguish factual

contentions – which alleged behavior on the part of the defendant that, if true, would satisfy one

or more elements of the claim asserted – and "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for

relief that is plausible on its face." *Id.* (citations and internal quotations omitted).

## DISCUSSION

### I. Defendant's Request for Judicial Notice

Defendant requests the Court take judicial notice of Exhibits B, C, D, E, F, G, and H of

the Declaration of Brenna K. Legaard in Support of Defendant's Reply to Plaintiff's Motion for

Judgment on the Pleadings. Def.'s Mot. J. 1, ECF No. 128.  Exhibit B is the Non-Final Office

Action. Legaard Decl. ¶ 3, ECF No. 127.  Exhibit C is Plaintiff's Response to the Non-Final

Office Action in Exhibit B. *Id.* ¶ 4.  Exhibit D is the Final Rejection issued during the

reexamination. *Id.* ¶ 5.  Exhibit E is Plaintiff's Amendment and Argument in Response to the

Final Rejection. *Id.* ¶ 6.  Exhibit F is Plaintiff's Agenda for an Interview with the Examiner. *Id.*

¶ 7.  Exhibit G is the Examiner's Summary of the Interview with Plaintiff. *Id.* ¶ 8.  Exhibit H is

the Notice of Intent to Issue a Reexamination Certificate. *Id.* ¶ 9.

"The court must take judicial notice if a party requests it and the court is supplied with

the necessary information." Fed. R. Evid. 201(c)(2).  Courts "may take judicial notice of

undisputed matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.

2001).  Because these exhibits are available on the United States Patent and Trademark Office

website, the Court grants Defendant's request for judicial notice. *See Smith v. United States*, No.

17-CV-07068-LB, 2018 WL 2338797, at *1 (N.D. Cal. May 1, 2018), *report and

recommendation adopted*, No. 17-CV-07068-VC, 2018 WL 2335218 (N.D. Cal. May 23, 2018).

## II. Plaintiff's Motion for Judgment on the Pleadings

### A. Affirmative Defenses Three Through Eight

Plaintiff contends that Defendant's affirmative defenses three through eight are

insufficiently pled and have been waived. Pl.'s Mot. J 12, ECF No. 121.  Specifically, these

affirmative defenses "are bare boned conclusions" without any supporting facts. *Id.*

Furthermore, Defendant's removal of these affirmative defenses in its Amended Answer to the

First Amended Complaint constitutes a "clear and unequivocal act" demonstrating its intention to

waive them. *Id.* at 13 (citing *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir.

1998) ("Most defenses, including the defense of lack of personal jurisdiction, may be waived as

a result of the course of conduct pursued by a party during litigation.")).

Defendant concedes that it "inadvertently" included affirmative defenses three through eight in its Answer to the Second Amended Complaint. Def.'s Resp. 2, ECF No. 126. Nevertheless, Defendant argues that Plaintiff's motion as to these affirmative defenses should be denied for failure to comply with LR 7-1. *Id.* The Court finds Defendant's argument unavailing when Defendant had previously withdrawn these affirmative defenses and acknowledges that it "inadvertently" included them again. The Court grants Plaintiff's motion against affirmative defenses three through eight.

### B. Intervening Rights

Defendant's affirmative defenses nine and ten are absolute intervening rights and equitable intervening rights. Answer 11, ECF No. 114. The doctrine of intervening rights was developed by courts to remedy the potential injustice "where a third party, having already begun to make, use, or sell a given article, finds its previously lawful activities rendered newly infringing under a modified patent." *Marine Polymer Techs., Inc. v. HemCon, Inc.*, 672 F.3d 1350, 1361 (Fed. Cir. 2012) (en banc). In such situations, the accused infringer should be deemed to have "acquired at least a right to continue to use the [articles] as if it held a license therefor under the reissued patent." *Id.*

There are two types of intervening rights: (1) absolute intervening rights that abrogate liability for infringing claims added to or modified from the original patent during a reissue or reexamination; and (2) equitable intervening rights that may apply as a matter of judicial discretion to mitigate liability for infringing such claims if the accused infringer made substantial preparations for the infringing activities prior to reissue or reexamination. *Marine Polymer*, 672 F.3d at 1361-62.

For intervening rights to apply to preclude infringement damages for the time period prior to the issuance of the reexamination certificate, there must have been a substantial change in scope between the original and reexamined claims. *Convolve, Inc. v. Compaq Comp. Corp.*, 812 F.3d 1313, 1322-23 (Fed. Cir. 2016).

The Federal Circuit has held that "amendments made during reexamination do not necessarily compel a conclusion that the scope of the claims has been substantively changed." *Convolve, Inc. v. Compaq Computer Corp.*, 812 F.3d 1313, 1322 (Fed. Cir. 2016) (citing *Bloom Eng'g Co. v. North American Manufacturing Company, Inc.,* 129 F.3d 1247, 1250 (Fed.Cir.1997) ("There is no absolute rule for determining whether an amended claim is legally identical to an original claim.")). "This is true even where the claims at issue were amended during reexamination after a rejection based on prior art." *Id.* (citing *Laitram Corp. v. NEC Corp.,* 952 F.2d 1357, 1362–63 (Fed.Cir.1991); *R & L Carriers, Inc. v. Qualcomm, Inc.*, 801 F.3d 1346, 1350–51 (Fed. Cir. 2015) (emphasizing that the reasoning for the amendment does not matter; the focus is on the scope of the claims)).

"To determine whether a claim change is substantive it is necessary to analyze the claims of the original and the reexamined patents in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information." *Laitram Corp.,* 952 F.2d at 1362–63.  In determining the scope of the claims, the Federal Circuit applies "the traditional claim construction principals[,]" "paying particular attention to the examiner's focus in allowing the claims after amendment." *Convolve, Inc.*, 812 F.3d at 1322-23 (internal quotation marks omitted).

The dispute at issue involves Claim 1 and Claim 13 which were amended during reexamination. The amended Claim 1 is as follows, with the addition to the claim emphasized, and is also representative of the amended Claim 13.

> 1. An RFID transponder comprising:
> a substrate;
> an antenna structure formed on the substrate; and
> an RFID integrated circuit chip which is electrically coupled to the antenna structure,
>> wherein the RFID integrated circuit chip is encoded with a unique object number, the unique object number comprising an object class information space and a unique serial number space,
>> wherein the unique serial number space is encoded with one serial number instance from an allocated block of serial numbers, the allocated block being assigned a limited number of most significant bits,
>> wherein the unique serial number space comprises the limited number of most significant bits *uniquely* corresponding to *the limited number of most significant bits of* the allocated block and of remaining bits of lesser significance that together comprise the one serial number instance.

Am. Compl. Ex. A, 42, Ex Parte Reexamination Certificate, ECF No. 71-1 (emphasis in original); *see also* Am. Resp. Final Office Action 2, ECF No. 57-3.

Plaintiff argues that the amendment was a clarifying amendment which does not change the scope of the claims. Pl.'s Mot. J. 8-12, ECF 121; Pl.'s Resp. 7, ECF No. 133. Plaintiff also takes the position that the Court has already held that the claim amendment during reexamination did not substantially change the scope of the claim. Pl.'s Mot. J. 8-10, ECF No. 121 (citing Order, ECF No. 68).

At claim construction, the Court found: "Adasa *made a clarifying amendment* to the claims of the '967 Patent *for the purpose of clarifying that the most significant bits uniquely correspond to the allocated block* in support of Adasa's position that the claimed serial number structure is a structural limitation of the claimed RFID transponders." Order 8, ECF No. 68 (emphasis added). The Court further found:

The positions taken by both Adasa and the Examiner with respect to the final rejection, clarifying amendment and subsequent confirmation of validity of the claims of the '967 Patent as presented in the Reexamination Certificate *do not relate at all to limitations* of the process for how the claimed RFID transponders are encoded. There is little to no discussion of continuous connection to a central database, autonomous or quasi-autonomous encoding, or how the allocated block is derived or assigned. *The discussion focuses solely on the novel feature* advanced throughout the reexamination by Adasa - that the claimed RFID transponders utilize a partitioned serial number space comprising most significant bits that was not present in any prior art references.

*Id.*

Defendant contends that the Court has not decided on the issue whether there is a substantial change in the scope of the claim. Def.'s Resp. 3-4, ECF No. 126. Defendant contends that Plaintiff's purpose for clarifying is irrelevant because the Court did not compare the original claim with the amended claim, and because the Court made the finding when addressing the issue of disavowal, not intervening rights. *Id.* at 4. Instead, Defendant argues that the plain and ordinary meaning of "uniquely" that Plaintiff successfully argued during claim construction narrows the scope of the original claim. *Id.* at 5-6. Additionally, Defendant claims that the amendments made to overcome a prior art rejection during reexamination supports a finding of a substantive change to the original claims. *Id.* at 6-9.

Where an amendment merely clarifies *what was already present in the specification and in the original claims*, the Federal Circuit found that "the reexamination claims are without substantive change from the original claims." *Kaufman Co., Inc. v. Lantech, Inc.*, 807 F.2d 970, 977 (Fed. Cir. 1984) (emphasis added). The question therefore is whether the "clarifying" amendment of " 'uniquely' corresponding" during reexamination was already present in the specification and the original claims. *See* Pl.'s Mot. J. 10, ECF No. 121; *see also* Def.'s Resp. 5, ECF No. 126.

Plaintiff argues that "uniquely corresponding" was already implicit or inherent in the specification and the original claim.  In particular, the second to last element, which is the same as the original, provides that "there is a block of serial numbers that has been assigned a limited number of most significant bits, and as such, all of the serial numbers within that block would include the same sequence of most significant bits in their leading bits." Pl.'s Mot. J. 9, ECF No. 121.  The last element in the original Claim 1 "provided detail to specify that the serial number that has been encoded in the unique serial number space in the memory of the RFID [Radio Frequency Identification] tag includes the same sequence of most significant bits as was assigned to all of the serial numbers within the allocated block." *Id.* at 10.  The amended last element "merely makes more explicit what was always implicit or inherent in the claim – the concept that the most significant bits of the serial numbers in the block 'uniquely corresponds' to the most significant bits of the serial number that has been encoded into the RFID tag." *Id.*

The parties have previously disputed the issue whether "uniquely corresponding" was already implicit or inherent in the specification and submitted "extensive briefing" including this issue during claim construction. Order 2, ECF No. 68.  There, Defendant argued that "uniquely corresponding" is not implicit or inherent in the specification. Def.'s Resp. 15, ECF No. 58.  Defendant claimed that "[t]he 'uniquely corresponding' language is not found in the specification" and that "[i]ts ordinary meaning in the context of the amended claims is not readily apparent." *Id.*  Plaintiff countered, as it argues here, that the "proposed additional limitations are couched in the process by which the RFID transponder is encoded and do not speak to limitations on characteristics of the RFID transponder, itself." Pl.'s Reply 4, ECF No. 61.

The Court reviewed the parties' "extensive briefing", heard oral argument and examined the prosecution history of reexamination covering the issue concerning whether "uniquely corresponding" was implicit or inherent in the specification. Order 2, 8, ECF No. 68.  The Court then found that Plaintiff "made a clarifying amendment to the claims of the '967 Patent." *Id.* at 8.  Therefore, the Court's finding of "clarifying" amendment during claim construction is a finding that the claim amendment did not substantially change the scope of the claim. *See Laitram Corp.*, 952 F.2d at 1362-63; *Convolve, Inc.*, 812 F.3d at 1322-23.

Based on the Court's previous finding, the Court finds that intervening rights do not apply and Defendant's affirmative defenses of intervening rights fail on their face. Plaintiff's Motion for Judgment on the Pleadings as to Defendant's affirmative defenses of intervening rights is granted. *See Ashcroft*, 556 U.S. at 678.

### III. Defendant's Motion for Judgment on the Pleadings Regarding Intervening Rights

Because the Court grants Plaintiff's motion as to intervening rights, Defendant's Motion for Judgment on the Pleadings Regarding Intervening Rights is denied as moot.  The Court does not reach Plaintiff's procedural challenge to Defendant's motion.

### CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 121) is GRANTED. Defendant's Request for Judicial Notice (ECF No. 128) is GRANTED.  Defendant's Motion for Judgment on the Pleadings Regarding Intervening Rights (ECF No. 128) is DENIED.

DATED this 30th day of April 2020.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI
United States Magistrate Judge

10 – OPINION AND ORDER