**Brenna K. Legaard**, OSB #001658
Email: Brenna.Legaard@klgates.com
**Elizabeth H. White**, OSB #204729
Email: Elizabeth.White@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

**Katherine L. Allor** (*pro hac vice*)
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
katy.allor@klgates.com

*Attorneys for Defendant Avery Dennison Corporation*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ADASA INC.,<br><br>　　　　Plaintiff,<br>　　　　Counterclaim Defendant,<br><br>　v.<br><br>AVERY DENNISON CORPORATION,<br><br>　　　　Defendant,<br>　　　　Counterclaimant. | Case No.: 6:17-cv-01685-MK<br><br>**DEFENDANT AVERY DENNISON CORPORATION'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>**JURY TRIAL DEMANDED** |

AVERY DENNISON'S MOTION FOR JUDGMENT AS A MATTER OF LAW

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

## I.     INTRODUCTION

Defendant Avery Dennison Corporation ("Avery Dennison") moves for judgment as a matter of law under Rule 50(b) that it does not infringe U.S. Patent No. 9,798,967 ("'967 Patent") under the doctrine of equivalents.

## II.    ARGUMENT

### A.    Legal Standard

Judgment as a matter of law under Fed. R. Civ. P. 50(a) is proper if "the evidence permits only one reasonable conclusion." *E.E.O.C. v. GoDaddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). Rule 50(a) "allows the trial court to remove cases or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result." *Weisgram v. Marley Co.*, 528 U.S. 440, 448 (2000). Judgment as a matter of law must be granted if "the evidence and its inferences cannot reasonably support a judgment in favor of the opposing party." *Weaving v. City of Hillsboro*, 763 F.3d 1106, 1111 (9th Cir. 2014). Rule 50(a) serves "economy and expedition…by cutting short trials containing legally insufficient evidence as soon as it is apparent that [a] party is unable to carry the burden of proof that is essential to that party's case." *Summers v. Delta Airlines, Inc.* 508 F.3d 923, 927 (9th Cir. 2007).

When "there is no substantial evidence to support a claim, i.e., only one conclusion can be drawn, the court must direct a verdict[.]" *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 726 F.2d 1381, 1387 (9th Cir. 1984). A "mere scintilla" of evidence is not sufficient to present a question for the jury. *See Westinghouse Elec. Corp. v. CX Processing Labs, Inc.*, 523 F.2d 668, 673 (9th Cir. 1975) (affirming a grant of judgment as a matter of law and stating "[s]ubstantial evidence is more than a mere scintilla"); *see also British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978) ("A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences of which the evidence is reasonably susceptible; it may not resort to speculation").

Page 2 -  AVERY DENNISON'S MOTION FOR JUDGMENT AS A MATTER OF LAW

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

### B. Avery Dennison Is Entitled To Judgment As A Matter Of Law That It Does Not Infringe The '967 Patent

A patentee may invoke doctrine of equivalents to proceed against the producer of a device if it performs substantially the same function in substantially the same way to obtain the same result. *See Graver Tank & Mfg. Co. v. Linde Air Prods., Inc.*, 339 U.S. 605 (1950). The doctrine of equivalents must be assessed on a limitation-by-limitation basis. *See Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). Here, Plaintiff ADASA Inc. ("ADASA") failed to meet its burden of showing that Element F of the '967 Patent, which requires "the limited number of most significant bits uniquely corresponding to the limited number of most significant bits of the allocated block," is met by Avery Dennison's commissioning authority RFID tags under the doctrine of equivalents. ADASA's expert, Dr. Daniel Engels, failed to present any particularized and linking testimony to support its doctrine of equivalents theory. *See AquaTex Indus., Inc. v. Techniche Sol'ns*, 479 F.3d 1320, 1328–29 (Fed. Cir. 2007) ("AquaTex was required to provide particularized testimony and linking argument on a limitation-by-limitation basis that created a genuine issue of material fact as to equivalents"). Instead, ADASA's expert only provided conclusions:

> Q. So Dr. Engels, we already checked the box on this blow-up over here for literal infringement. Is it your opinion that I can also check the box because this element is infringed under the doctrine of equivalents for Claim 1?
> A. Yes.
> Q. So it is met both literally and via the doctrine of equivalents.
> A. Correct.
> Q. Okay. And that would be the same -- okay, so just to make sure we're clear on equivalents, Dr. Engels, what is the function of this element?
> A. So the function is an RFID tag encoded with a unique serial number.
> Q. But specifically with reference to Element F there, what is the function of that element? What is that part of the tag describing?
> A. So that part of the tag is describing the serial number space which contains a bits -- most significant bits that correspond to the allocated block.
> Q. And the second part of the doctrine of equivalents analysis is the -- substantially a similar way. Is that present in this element of Element F?
> A. Yes.
> Q. How so?
> A. So, again, pulling information out of the allocated block for the most significant bits as well as having lesser significant bits that combine to create a unique serial number.
> Q. And how about the third part of that test? The result?
> A. So the result is that you would end up with the unique serial number that is encoded where the most significant bits are taken from the pre-allocated block

Page 3 -    AVERY DENNISON'S MOTION FOR JUDGMENT AS A MATTER OF LAW

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

> of numbers and correspond to that block of numbers and then lesser bits; so your lesser significant bits that complete the serial number space.
> Q. And so, for instance, Dr. Engels, is it your understanding that the doctrine of equivalents allows for an insubstantial change from the literal reading of the claim language compared to the accused product but that accused product can still infringe?
> A. That is correct.
> Q. So, for instance, if the uniquely corresponding language had a -- if Avery did it in a slightly insubstantial-change way, then it would still infringe Element F.
> A. Correct.
> Q. And you did that analysis here.
>
> \* \* \*
>
> Q. Okay. And how about doctrine of equivalents?
> A. And under doctrine of equivalents, that the -- each element is infringed.
> Q. And so I can check these boxes as well?
> A. Correct.

Trial Tr. Day 2 at 308:6–310:3, 316:22–317:1.

When Avery Dennison asked Dr. Engels for additional details on what differences he considered that he concluded were insubstantial, he could not recall any:

> Q. Now, I think you just testified that there is infringement under the doctrine of equivalents as to Element F in the commissioning authority products we've been talking about; right?
> A. That is correct.
> Q. And so that means any differences are insubstantial?
> A. That is correct.
> Q. What differences are you talking about?
> A. Any differences that might exist between what the commissioning authority schemas might have and what is claimed in Element F, specifically --
> Q. Sorry. I didn't mean to talk over you. Can you identify any differences?
> A. As I sit here, I don't recall what differences, if any, I considered.

Trial Tr. Day 2 at 318:14–31.

Dr. Engels did not analyze the "function-way-result" of the claim limitation or provide any explanation of how Avery Dennison's commissioning authority RFID tags performs substantially the same function in substantially the same way to achieve substantially the same result. Dr. Engels' testimony is insufficient as a matter of law. *See Augme Techs., Inc. v. Yahoo! Inc.*, 755 F.3d 1326, 1336 (Fed. Cir. 2014) (An expert's "restatement of the function-way-result test itself is simply not enough. . . . Augme had to present evidence of equivalence under each prong of the function-way-result test."). As Dr. Engels failed to present *any* evidence on how or why Avery Dennison's commissioning authority RFID tags allegedly infringe Claim 1 of the

Page 4 -    AVERY DENNISON'S MOTION FOR JUDGMENT AS A MATTER OF LAW

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

'967 Patent under the doctrine of equivalents, the Court should grant judgment as a matter of law that there is no infringement under the doctrine of equivalents.

DATED:  May 12, 2021

Respectfully submitted,

By: /s/ Brenna K. Legaard

Brenna K. Legaard, OSB#001658
Email: Brenna.Legaard@klgates.com
Elizabeth H. White, OSB#204729
Email: Elizabeth.White@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

Katherine L. Allor (*pro hac vice*)
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
Telephone: (312) 372-1121
Fax: (312) 827-8000
katy.allor@klgates.com

*Attorneys for Defendant Avery Dennison Corporation*

Page 5 -   AVERY DENNISON'S MOTION FOR JUDGMENT AS A MATTER OF LAW

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of DEFENDANT AVERY DENNISON CORPORATION'S MOTION FOR JUDGMENT AS A MATTER OF LAW to be served upon all counsel of record to this matter on this the 12th day of May, 2021 via the Court's CM/ECF system.

>Alan J. Thayer, Jr.,
>INNOVATIVE LAW GROUP
>P.O. Box 1268
>Eugene, OR 97440
>alan@thinkilg.com
>
>Jonathan T. Suder (*pro hac vice*)
>Glenn S. Orman (*pro hac vice*)
>Richard A. Wojcio, Jr. (*pro hac vice*)
>FRIEDMAN, SUDER & COOKE
>604 E. Fourth Street, Suite 200
>Fort Worth, TX 76102
>jts@fsclaw.com
>orman@fsclaw.com
>wojcio@fsclaw.com
>
>*Attorneys for Plaintiff*

DATED this 12th day of May, 2021.

By: */s/ Brenna K. Legaard*
Brenna K. Legaard, OSB#001658

Page 6 -   AVERY DENNISON'S MOTION FOR JUDGMENT AS A MATTER OF LAW

K&L GATES LLP
ONE SW COLUMBIA STREET
SUITE 1900
PORTLAND, OR 97204
TELEPHONE: (503) 228-3200