Alan J. Thayer, Jr., OSB No. 853428
INNOVATIVE LAW GROUP
P.O. Box 1268
Eugene, OR 97440
(541) 345-2325
alan@thinkilg.com

Jonathan T. Suder (pro hac vice)
Glenn S. Orman (pro hac vice)
Richard A. Wojcio, Jr. (pro hac vice)
FRIEDMAN, SUDER & COOKE
604 E. Fourth Street, Suite 200
Fort Worth, TX 76102
T: (817) 334-0400
F: (817) 334-0401
jts@fsclaw.com
orman@fsclaw.com
wojcio@fsclaw.com

ATTORNEYS FOR PLAINTIFF
ADASA INC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | | |
|---|---|---|
| ADASA INC., | § | Case No.: 6:17-cv-01685-MK |
| Plaintiff, | § § | |
| v. | § § § | **PLAINTIFF'S MOTION FOR PREJUDGMENT AND POSTJUDGMENT INTEREST** |
| AVERY DENNISON CORPORATION, | § § | |
| Defendant. | § § | |

## I.    INTRODUCTION

In order to adequately compensate Plaintiff ADASA, Inc. ("ADASA") for Defendant Avery Dennison, Corp.'s ("Avery") infringement of the '967 Patent, ADASA is entitled to prejudgment and post judgment interest on its damages award. Both types of interest are awarded as a matter of course under relevant statutes.

The rationale behind awarding prejudgment interest is simple: "an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement."[1] In this case, ADASA has been deprived of the benefits of the jury's reasonable royalty damages finding for over four years and the appropriate pre-judgment interest rate must put ADASA in the proper position it would have been but for Avery Dennison's infringement.

While district courts are given discretion in awarding the appropriate prejudgment interest rate, Oregon precedent dictates that the appropriate rate here is 9% pursuant to Oregon statute and federal courts in Oregon regularly apply this statutory rate.[2] This rate is necessary to fully compensate ADASA and to prevent Avery Dennison from being unjustly enriched, and therefore effectively rewarded, for its extensive and continued infringement of the '967 Patent.  This is especially so in the present case, in which Avery Dennison's purposefully dilatory conduct extended the judicial process significantly to stymy ADASA's ability to finally resolve its meritorious infringement claims. As such, ADASA respectfully requests the Court grant ADASA prejudgment interest at the statutory rate of nine percent, compounded quarterly, from the time of filing through judgment and the appropriate post-judgment statutory interest going forward.

## II.    RELEVANT AUTHORITY

35 U.S.C. § 284 indicates that a court shall award interest in patent cases after a finding of infringement (emphasis added):

> Upon finding for the claimant the court ***shall*** award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty

---

[1] *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983).
[2] The Federal Circuit has also affirmed district court holdings applying a state's statutory interest rate.

Plaintiff's Motion for Pre- and Post-Judgment Interest – Page 2

      for the use made of the invention by the infringer, ***together with interest and costs as fixed by the court***.

35 U.S.C. § 284 (emphasis added). The rationale behind awarding prejudgment interest is simple: "an award of prejudgment interest is necessary to ensure that the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983).

      Because there is no standard rate for prejudgment interest, district courts are given "substantial discretion" to determine a prejudgment interest amount that is equitable, including awarding interest in accordance with state statutory rates. *EcoServices, LLC v. Certified Aviation Servs., LLC*, 340 F.Supp.3d 1004, 1033 (C.D. Cal. 2018) (citing *Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556-57 (Fed. Cir. 1984); *Atmel Corp. v. Silicon Storage Tech., Inc.*, 2002 U.S. Dist. LEXIS 27109 at 12-13 (N.D. Cal. June 21, 2002).

## IIi.   ARGUMENT AND AUTHORITY

### A.   ADASA IS ENTITLED TO NINE PERCENT PREJUDGMENT INTEREST PURSUANT TO OREGON STATUTE

      Under Oregon statute § 82.010, "[t]he rate of interest…is nine percent per annum and is payable on: (a) [a]ll moneys after they become due…" *See* Or. Rev. Stat. Ann. § 82.010(1)(a). Oregon courts regularly apply this rate when calculating prejudgment interest on a damages finding after a jury verdict. *See Roblin v. Newmar Corp.*, 2020 U.S. Dist. LEXIS 251098, at *5 (D. Or. Mar. 16, 2020); *Elston v. Toma*, 2005 U.S. Dist. LEXIS 42370, at *23 (D. Or. Mar. 24, 2005); *Carnese v. Standard Ins. Co*., 2006 U.S. Dist. LEXIS 109218, at *3 (D. Or. Oct. 19, 2006). Additionally, district courts within the Ninth Circuit have regularly awarded prejudgment interest using state statutory interest rates in patent infringement cases. *See Carl Zeiss Vision Int'l GMBH v. Signet Armorlite, Inc.*, 2012 U.S. Dist. LEXIS 105928, at *7-8 (S.D. Cal. 2012) (awarding California statutory rate); *KFx Med. Corp. v. Arthrex Inc.*, 2014 U.S. Dist. LEXIS 191176 (S.D. Cal. 2014) (awarding California statutory rate); *Bard Peripheral Vascular, Inc. v. W.L. Gore &*

*Assoc., Inc.*, 2009 U.S. Dist. LEXIS 31328 (D. Ariz. Mar. 31, 2009) (awarding the Arizona statutory rate); *see also Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020) (affirming award at statutory rate of ten percent); *Gyromat Corp.*, 735 F.2d at 556; *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1028, 1033 (Fed. Cir. 1996) (affirming award at statutory rate of eight percent).

Application of the statutory rate is presumed "unless the trial judge finds, on *substantial* evidence, that the equities of that particular case require a different rate." *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1163-64 (9th Cir. 2001) (emphasis added). There can be no evidence at all – especially substantial evidence – that the rate should be lower given ADASA's failure to have access to these funds for the past years, along with Avery Dennison's significant litigation misconduct and objectively weak litigation positions that unnecessarily delayed and made ADASA's ability to get to trial that much more difficult. *See* Dkt. No. 351.

Providing interest at the Oregon statutory rate puts ADASA in the position it would have been had Avery paid royalties for its infringement when due, rather than depriving ADASA of royalties due to it for nearly four years. This is what both patent law and the Oregon statute require and should be the rate applied here for the time period from the filing of the suit through judgment. *See Roblin,* 2020 U.S. Dist. LEXIS 251098, at *5; *Elston*, 2005 U.S. Dist. LEXIS 42370, at *23; *Carnese*, 2006 U.S. Dist. LEXIS 109218, at *3; *see also Comcast IP Holdings LLC v. Sprint Communs. Co., L.P.*, 850 F.3d 1302, 1314-15 (Fed. Cir. 2017) ("[p]rejudgment interest runs from the earliest date of infringement for any patent issued at the time of the hypothetical negotiation[.]"); *GM Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 (1983) (Interest awarded is applied through to the date of judgment to account for "the forgone use of the money" during that

time span.).[3]

### B. PREJUDGMENT INTEREST SHOULD BE COMPOUNDED QUARTERLY

In addition to the interest rate itself, compounding interest is well within the Court's discretion and is seen as an important component of making an aggrieved party whole. *See e.g*. *Fujifilm Corp. v. Motorola Mobility LLC*, 182 F. Supp. 3d 1014, 1042 (N.D. Cal. 2016) (compounding quarterly); *AMP Inc. v. Lantrans Inc.*, 1991 U.S. Dist. LEXIS 20296, at *19 (C.D. Cal. 1991) ("[i]n applying prejudgment interest, courts have recognized that compounding is necessary to fully compensate the patentee."); *Bio-Rad Labs, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986) ("The rate of prejudgment interest and whether it should be compounded or uncompounded are matters left largely to the discretion of the district court."). Thus, "courts have approved annual compounding and even daily compounding." *Id*.

Here, ADASA requests that interest levied be compounded quarterly, which courts regularly hold is appropriate in patent infringement cases "for the loss of use of the money owed by Defendants for use of the patents-in-suit without a license." *United States Philips Corp. v. KXD Tech., Inc*., 2007 U.S. Dist. LEXIS 98908, at *7 (C.D. Cal. Sep. 17, 2007); *see also Smith Eng'g Co., Inc. v. Eisenmann Corp*., 2000 U.S. Dist. LEXIS 21773, at *3 (C.D. Cal. Dec. 13, 2000).

### C. POST-JUDGMENT INTEREST ON THE ENTIRE AMOUNT AWARDED IN THE FINAL JUDGMENT

An award of post-judgment interest is mandatory under 28 U.S.C. § 1961 and is awarded as a matter of course. As set forth in Section 1961, "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *See* 28 U.S.C. § 1961; *Bayer CropScience AG*

---

[3] Avery Dennison will likely argue that the prime interest rate is more appropriate or applicable than the Oregon statutory rate; however, such a rate would effectively award Avery Dennison as an efficient infringer and would fail to put ADASA in as "good a position as he would have been in had the infringer entered into a reasonable royalty agreement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983).

*v. Dow AgroSciences LLC*, 680 F. App'x 985, 999 (Fed. Cir. 2017). Therefore, ADASA requests post judgment interest at a rate of 0.06% based on 28 U.S.C. § 1961 going forward.

## IV.   CONCLUSION

ADASA respectfully request the Court grant post-judgment interest at nine percent, in accordance with the statutory provisions, on the total money award, including damages and prejudgment interest, starting on this Motion's hearing date and with a fixed per diem addition for every day after that.[4]

DATED:  May 28, 2021

Respectfully submitted,

By: */s/ Jonathan T. Suder*

Alan J. Thayer, Jr., OSB No 853,428
Innovative Law Group
P.O. Box 1268
Eugene, Oregon 97440
(541) 345-2325
alan@thinkILG.com

Jonathan T. Suder (*pro hac vice*)
Glenn S. Orman (*pro hac vice*)
Richard A. Wojcio, Jr. (*pro hac vice*)
FRIEDMAN, SUDER & COOKE
604 E. Fourth Street, Suite 200
Fort Worth, TX  76102
(817) 334-0400
(817) 334-0401 fax
jts@fsclaw.com
orman@fsclaw.com
wojcio@fsclaw.com

*Attorneys for Plaintiff ADASA Inc*.

---

[4] After the Court makes the decision on the appropriate pre-judgment interest rate, ADASA will provide the Court with a calculation pursuant to the verdict in this case should the Court desire the parties do provide the calculation.

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th of May, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, District of Oregon, Eugene Division using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Jonathan T. Suder*