IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | | |
|---|---|---|
| ADASA INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No.: 6:17-cv-01685-MK |
| | § | |
| AVERY DENNISON CORPORATION, | § | |
| | § | |
| Defendant. | § | |

**FINAL RULE 58 JUDGMENT**

It is ORDERED and ADJUDGED that judgment be entered in favor of Plaintiff and against

Defendant in accordance with the jury verdict on Plaintiff's claims of direct infringement of claim

1 of reexamined U.S. Patent No. 9,798,967, literally and under the doctrine of equivalents, by tags

tried to the jury and encoded under Defendant's PCTag and Commissioning Authority schemas.

For the avoidance of doubt, a Section 101 defense has been resolved in favor of Plaintiff on

summary judgment and in JMOL rulings (ECF No. 205).

It is ORDERED and ADJUDGED that judgment be entered in favor of Plaintiff for

damages in the amount of $36,059,220 for direct infringement through March 31, 2021. This

amount is based on the amount found by the jury and includes $9,417,343 based on the additional

infringing tags found by Defendant post-verdict as explained in the briefing on the Motion for

Sanctions.

It is ORDERED and ADJUDGED that Defendant shall pay pre-judgment interest at the

rate of 9% per annum without compounding in the amount of $4,010,267.

It is ORDERED and ADJUDGED that Defendant shall be taxed costs of $55,424.70.

For reasons entered on the record and as to be further set forth in a formal written opinion

to follow, the Court finds this to be an exceptional case under 35 U.S.C. § 285, and thus it is

Final Rule 58 Judgment on the Jury Verdict After Post-Trial Motions – Page 1

ORDERED and ADJUDGED that Defendant shall pay Plaintiff's attorneys' fees in the amount of $2,250,000.

For reasons entered on the record and as to be further set forth in a formal written opinion to follow, the Court finds conduct of the Defendant to have been sanctionable, finds that the appropriate sanction is $0.0025 per tag for the total number of tags included in the merits judgment above, and thus it is ORDERED and ADJUDGED that Defendant shall pay sanctions in the amount of $20,032,889.80.

The sum of the above lines is $62,407,801.50.

It is ORDERED and ADJUDGED that Defendant shall pay Plaintiff post-judgment interest on the above amounts in the amount statutorily required by 28 U.S.C. § 1961.

It is ORDERED and ADJUDGED that Defendant shall pay Plaintiff a royalty of $0.0045 per tag on revenues for ongoing sales made by Defendant of the infringing products listed above and any not colorably different from April 1, 2021 through May 14, 2021.

It is ORDERED and ADJUDGED that Defendant shall owe and pay Plaintiff, on a quarterly basis, an ongoing royalty of $.009 per tag on revenues for ongoing sales made by Defendant of the infringing products listed above and any not colorably different from May 15, 2021 until the expiration of the '967 Patent. Such payments shall be made no later than 30 days after the expiration of such quarter. For purposes of reporting, Defendant shall provide to Plaintiff on a quarterly basis statements disclosing the number of EPCs generated during that quarter using any schema found to result in infringement and any not colorably different ("Accused Schema") and transponder sales attributed to all corresponding retail brand owners. Royalty bearing sales shall be determined using the number of EPCs generated using an Accused Schema unless EPCs generated for a particular retail brand owner exceed the number of units sold attributed to that brand owner by more than 10% for that quarter, in which case the number of units sold apportioned by the percent of EPCs generated using an Accused Schema shall be used instead. The first such

Final Rule 58 Judgment on the Jury Verdict After Post-Trial Motions – Page 2

report shall include calculations from April 1, 2021 through September 30, 2021. Such report shall

be prepared by Ernst & Young, LLP as to the amount and the calculation, and if an apportionment

is used, the basis for the 10% or more discrepancy. Any stay or forbearance of the payment

obligation as ordered by the Court or agreed to by the parties shall not stay or forebear the reporting

requirement set forth above.

Dated: October 14, 2021

                                            s/ Mustafa T. Kasubhai
                                            MUSTAFA T. KASUBHAI (He / Him)
                                            United States Magistrate Judge