UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

|  |  |
|---|---|
| ADASA INC., | Case No.: 6:17-cv-01685-MK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | **RE: PLAINTIFF ADASA INC.'S MOTION TO EXCLUDE TESTIMONG OF DEFENDANT'S INVALIDITY EXPERT** |
| AVERY DENNISON CORPORATION, | |
| Defendant. | |

**KASUBHAI, Magistrate Judge:**

Plaintiff brought this action alleging that Defendant infringed its patent in violation of 35 U.S.C. §§ 271(a), (b), (c), and (f). Second Am. Compl., ECF No. 112.  Both parties consent to jurisdiction by a U.S. Magistrate Judge. ECF No. 29.

Before the Court is Plaintiff's Motion to Exclude Testimony of Defendant's Invalidity Expert. ECF 469. For the below reasons, Plaintiff's motion (ECF 469) is GRANTED.

# BACKGROUND

## I.    General Background

Plaintiff Adasa Inc., an Oregon corporation, is the owner of United States Patent No. 9,798,967 (the "'967 Patent"). Am. Compl. Ex. A, the '967 Patent, ECF No. 71-1.  The '967 Patent relates in part to systems for encoded and commissioned wireless radio frequency identification ("RFID") devices. Second Am. Compl. ¶ 8, ECF No. 112; Answer, ¶¶ 8, 11, ECF No. 114.  In the RFID industry and particularly for merchandise tracking applications, the memory bank of an RFID tag is encoded with an Electronic Product Code ("EPC"), which is an identifier for an item in the supply chain to uniquely identify that particular item. Second Am. Compl. ¶ 11, ECF No. 112; Answer ¶ 11, ECF No. 114.  The EPC can be serialized in a format following an EPC tag data standard. Second Am. Compl. ¶ 11, ECF No. 112; Answer ¶ 11, ECF No. 114.  One standard is known as Serialized Global Trade Item Number ("SGTIN"). Second Am. Compl. ¶ 11, ECF No. 112; Answer ¶ 11, ECF No. 114.

Where the SGTIN format is used for item identification, the EPC contains "object class" information and a "serial number." Second Am. Compl. ¶ 12, ECF No. 112; Answer ¶ 12, ECF No. 114.  The "object class" information includes, among other things, "company prefix," which identifies the brand owner and an "item reference number" which identifies the class of item offered by a brand owner (which generally corresponds to the UPC or SKU of a bar code). Second Am. Compl. ¶ 12, ECF No. 112; Answer ¶ 12, ECF No. 114.  The "object class" section of an SGTIN format uniquely identifies different classes of products sold by a particular brand owner. Second Am. Compl. ¶ 12, ECF No. 112; Answer ¶ 12, ECF No. 114.  The companies or brand owners are responsible for assigning a unique serial number for each item of an object class. Second Am. Compl. ¶ 12, ECF No. 112; Answer ¶ 12, ECF No. 114.  The combination of

an object class and a unique serial number provides a unique object number contained in the EPC. Second Am. Compl. ¶ 13, ECF No. 112; Answer ¶ 13, ECF No. 114.

The '967 Patent teaches an RFID transponder or inlay with an RFID integrated circuit chip ("IC chip") having encoded memory structure that ensures uniqueness with the serial number portion of the code. Am. Compl. Ex. A, the '967 Patent, ECF No. 71-1. Specifically, the '967 Patent teaches an RFID IC chip memory structure by delineating a section using the leading bits of the serial number section of the EPC binary encoding – referred to as the "most significant bits" ("MSB") in the '967 Patent. Am. Compl. Ex. A, the '967 Patent, ECF No. 71-1.

Plaintiff alleges that Defendant "makes, encodes, sells, and offers to sell RFID tags and labels for customers that are RFID transponders that comprise a substrate, an antenna, and an RFID IC chip coupled to the antenna." Second Am. Compl. ¶ 22, ECF No. 112. Plaintiff alleges direct infringement of claims 1-6, and 12-15 of the '967 Patent by using the format of the '967 Patent in violation of 35 U.S.C. § 271(a). *Id.* ¶¶ 26-35. Plaintiff also alleges indirect infringement of the '967 Patent in violation of 35 U.S.C. §§ 271(b), (c) and (f). *Id.* ¶¶ 36-41.

As relevant to this motion, Defendants asserted an affirmative defense of "invalidity," alleging that the claims of the '967 Patent are invalid for failure to comply with the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112." Answer, Defenses and Affirmative Defenses ¶ 2, ECF No. 114.

## II.    Procedural History

In September 2020, following discovery, the Court ruled on the parties' motions for summary judgment. ECF No. 205. Defendant moved for summary judgment of non-infringement or, alternatively, on its affirmative defense of invalidity based on obviousness and anticipation. Plaintiff moved for summary judgment on infringement. The Court denied Defendant's motions, granted in part Plaintiff's motion as to infringement, and granted Plaintiff's motion on the issue

of validity. *Id*. Following trial, a jury returned a verdict of infringement and awarded Plaintiff

significant damages. ECF No. 332.

Defendant appealed the Court's summary judgment rulings to the Federal Circuit. The

Federal Circuit reversed in part, holding that the Court erred in granting summary judgment on

the issue of validity. ECF No. 445. Specifically, the Court reversed (1) the Court's grant of

summary judgment that *RFID for Dummies* does not anticipate or render obvious claim 1; and

(2) the Court's grant of summary judgment that U.S. Patent No. 7,857,221 ("Kunho") does not

anticipate claim 1. *Id*. at 17, 20. The Federal Circuit remanded for a new trial on the issue of

claim 1's validity relating to the prior art references in *RFID for Dummies* and Kunho. *Id*.

Defendant intends to call Patrick Sweeney as an expert at the pending trial to opine on

these issues. *See* ECF No. 467 at 1. Plaintiff's pending motion seeks to exclude Mr. Sweeney's

expert opinion testimony based on inadmissibility under Rule 702 and *Daubert v. Merrell Dow*

*Pharmaceuticals, Inc*., 509 U.S. 579 (1993).

## LEGAL STANDARD

The admissibility of an expert's testimony is governed by Rule 702 of the Federal Rules

of Evidence as elaborated by the Supreme Court in *Daubert* and its progeny. Rule 702 provides

that a witness who is qualified as an expert by knowledge, skill, experience, training, or

education may testify in the form of an opinion or otherwise if: (a) the expert's scientific,

technical, or other specialized knowledge will help the trier of fact to understand the evidence or

to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the

testimony is the product of reliable principles and methods; and (d) the expert has reliably

applied the principles and methods to the facts of the case.

The Supreme Court in *Daubert* elaborated that expert testimony should be based on a reliable and scientifically valid methodology that fits with the facts of a case. *Daubert*, 509 U.S. at 592-93. Addressing the requirements for the admissibility of testimony from engineers and other experts, the Supreme Court in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999) wrote that federal courts should use a "flexible" test of reliability for experts, offering "broad latitude" in deciding how to determine reliability. In the Ninth Circuit, the trial court's inquiry must include whether the expert's testimony will "assist the trier of fact to understand or determine a material fact at issue." *Kennedy v. Collagen Corp.*, 161 F.3d 1226, 1227-28 (9th Cir. 1998).

In the context of the ultimate opinions of experts on patent validity, a district court's decision to admit expert testimony under *Daubert* in a patent case follows the law of the regional circuit. *Micro Chem., Inc. v. Lextron, Inc.,* 317 F.3d 1387, 1390–91 (Fed.Cir.2003). "For scientific opinion, the court must assess the reasoning or methodology…Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010), *as amended* (Apr. 27, 2010). However, "[a]n expert must explain the methodology and principles underlying [their] opinion and the opinion must provide more than just a conclusion." *Radio Sys. Corp. v. Lalor*, 2014 WL 4626298, at *4 (W.D. Wash. Sept. 12, 2014).

## DISCUSSION

### I.    Supplemental Report

As a threshold matter, the Court must first determine whether Defendant should be afforded the opportunity to supplement Mr. Sweeney's report, as it has requested to do.[1] ECF

---

[1] Defendant likewise asks the Court to revisit the Court's prior exclusion of a supplemental report from Mr. Sweeney which Defendant offered on the eve of trial. Def.'s Resp. 4 n. 3. Defendant

No. 467 at 1. If the Court allows a supplemental report, the remainder of Plaintiff's argument is moot, as Defendant would have a second chance to bolster the opinion of Mr. Sweeney in order to pass Rule 702/*Daubert* muster. However, for the reasons set forth below, the Court will not reopen discovery to allow a supplemental report from Mr. Sweeney.

Discovery in this case closed years ago, prior to trial and the Federal Circuit's remand. The District Court for the Southern District of California has provided a comprehensive summary of the standards which govern the reopening of discovery to allow a supplement to an expert's report:

> The district court has discretion to reopen discovery on remand. See *King v. GEICO Indem. Co.*, 712 Fed.Appx. 649, ——, 2017 WL 5256243, at *2 (9th Cir. Nov. 13, 2017) ("A district court's determination regarding whether to ... reopen discovery is reviewed for abuse of discretion."); see also *Millenkamp v. Davisco Foods Int'l, Inc.*, No. CV03-439-S-EJL, 2009 WL 3430180, at *3 (D. Idaho Oct. 22, 2009) (noting that the appellate court did not remand the case with directions that the trial court take additional evidence or allow further discovery; therefore, whether to reopen discovery was left to the discretion of the trial court). But "a remand is not typically intended to allow a party to fill in the gaps from the original record." *Millenkamp*, 2009 WL 3430180, at *3 (citing *Rochez Bros., Inc. v. Rhoades*, 527 F.2d 891, 894 (3d Cir. 1975) ).
>
> Rule 16(b)(4) of the Federal Rules of Civil Procedure states that "[a case management] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also *Singleton v. Hedgepath*, No. 1:08-cv-00095-AWI-GSA-PC, 2015 WL 1893982, at *1, *5 (E.D. Cal. Apr. 24, 2015) (analyzing a request to reopen discovery after remand under Rule 16 of the Federal Rules of Civil Procedure)
> ***
> The Ninth Circuit has instructed trial courts to consider the following factors in determining whether to amend a Rule 16 scheduling order to reopen discovery:
>> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

argues that now, unlike then, re-trial is months away and the "untimely" rationale the Court gave for exclusion "no longer seems to apply." *Id.* The same analysis applies to this question as to the question of whether a new supplemental report is permissible, because both seek to reopen discovery. Accordingly, this section addresses Defendant's argument regarding the previously excluded report as well as its request to submit a new supplemental report.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

*Schagene v. Spencer*, 2018 WL 1210682, *3 (S.D. Cal. Mar. 8, 2018).

Applying the above principles, the Court will not reopen discovery to allow Defendant to supplement Mr. Sweeney's report. Trial is imminent, and Defendant has not articulated good cause for reopening discovery. Plaintiff opposes the request and would be prejudiced by allowing amendment now; Plaintiff would be forced to choose between re-litigating a *Daubert* motion on an extremely short timeframe, pushing back trial in a case that has been pending since October 2017, or proceeding to trial without the opportunity to challenge the supplemental report.

Moreover, nothing has changed that would make the need to supplement Mr. Sweeney's opinion any different than it was before discovery closed. There is no new evidence that changes or renders Mr. Sweeney's opinion in need of supplementation. Instead, Defendant merely seeks to fill gaps in Mr. Sweeney's analysis that have existed since the report was first disclosed in January 2020. *See* ECF No. 469-3. The Court will not allow supplementation under these circumstances. *See, e.g., Williams v. Thompson*, No. 3:16-CV-2074-AC, 2018 WL 10648672 (D. Or. Sept. 12, 2018) (refusing to consider additional information provided in responsive briefing to a *Daubert* challenge because "defendant's response brief is an unauthorized supplemental expert disclosure, filed more than four months past the…deadline for expert report disclosures and less than three weeks before trial, and clearly for the purpose of filling the *Daubert* gaps in the report that plaintiffs identified).

## II.    Admissibility of Mr. Sweeney's Opinions

Before evaluating the admissibility of Mr. Sweeney's opinions on *RFID for Dummies* and Kunho, the Court notes that it has already found Mr. Sweeney's opinions to be conclusory such that they were insufficient to establish a genuine issue of material fact. *See* ECF No. 205 at

19-20. Specifically, the Court found that Mr. Sweeney's opinion "does not identify" which parts of Kunho and *RFID for Dummies* teaches the concept of MSBs or "how one skilled in the art would apply the disclosure…to meet all of the claim requirements of the '967 Patent." ECF No. 205 at 19-21. These findings were left undisturbed by the Federal Circuit's ruling, ECF No. 445 at 17 n. 4. However, they are not the "law of the case" as Plaintiff contends, because the Federal Circuit did not address them. *See U.S. ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1186 (9th Cir. 2001) ("The [law of the case] doctrine does not apply to issues not addressed by the appellate court").

Although the Court made these findings in the context of a summary judgment motion, the rationale is no less applicable to this motion. If Mr. Sweeney's opinions were so conclusory as to fail to create a genuine issue of fact at all, it is difficult to see how they could aid the jury in deciding anticipation and obviousness regarding Kunho and *RFID for Dummies*. For that reason, the Court sees no reason to depart from its prior conclusion on the value of Mr. Sweeney's opinion testimony, despite the application of a different standard. Nevertheless, the Court below applies the specific standards under Rule 702 and *Daubert* to further explain in the context of this evidentiary motion why Mr. Sweeney's opinions on these questions are inadmissible.

Plaintiff does not challenge Mr. Sweeney's qualifications, but instead argues that Mr. Sweeney's opinions are too conclusory to be of value to the jury. Accordingly, the Court's analysis below focuses on that specific question.

**A. RFID for Dummies**

1.    Anticipation

Anticipation under 35 U.S.C. § 102(b) requires a showing that each limitation of a claim is found in a single reference ("prior art"). *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*,

246 F.3d 1368, 1380 (Fed. Cir. 2001).[2] In other words, the "prior art reference must disclose

each and every feature of the claimed invention, either explicitly or inherently." *Eli Lilly & Co.*

*v. Zenith Goldline Pharms., Inc.*, 471 F.3d 1369, 1375 (Fed. Cir. 2006). To anticipate a patent,

the reference must enable one of ordinary skill in the art to make the invention without undue

experimentation. *In re Gleave*, 560 F.3d 1331, 1334 (Fed. Cir. 2009). The reference need not use

the same terms as those used in the patent, so long as the reference includes all the same

elements and they are "arranged or combined in the same way as in the claim." *Id.*

  To be admissible under Rule 702 and *Daubert*, the expert's report must perform an

"element-by-element comparison of each claim to each prior art reference." *Oxford Gene Tech.*

*Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 437 (D. Del. 2004). A bare side-by-side chart of the

elements of the claim and the prior art references, without analysis, is "wholly and irretrievably

inadequate." *Id.* "Citing to excerpts in various documents and further reserving the right to rely

on an even broader collection of documents and testimony, without stating [the expert's]

invalidity opinions in his own words, does not provide a fair disclosure of those opinions or the

underlying methodology." *Sound View Innovations, LLC v. Hulu, LLC*, 2019 WL 9047211, at *3

(C.D. Cal. Nov. 18, 2019), *aff'd*, 33 F.4th 1326 (Fed. Cir. 2022).

  Applying the above standard, the Court finds that Mr. Sweeney's opinion that *RFID for*

*Dummies* anticipates the '967 Patent does not pass the Rule 702/*Daubert* threshold. Mr.

Sweeney's report concludes that disclosures in *RFID for Dummies* teach "each and every

---

[2] The Court recognizes that the standard the jury will ultimately apply to decide anticipation (and obviousness, discussed later in this opinion) is different from that governing whether an expert's testimony is admissible. However, an understanding of the elements of the anticipation and obviousness inquiries is necessary for deciding whether Mr. Sweeney's testimony is of value to a jury on those issues. Accordingly, the Court sets forth the standard here, but does not imply that Defendant's expert must prove all elements of anticipation or obviousness by clear and convincing evidence in order for his testimony to be admissible.

limitation of the asserted claims." ECF No. 469-3 at ¶ 90. Mr. Sweeney supports this opinion with a chart that identifies each element of claim 1 in one column, and a corresponding quote from *RFID for Dummies* in the other column. *Id*. However, Mr. Sweeney's report fails to provide any analysis in his own words[3] as to **how** each of the disclosures in *RFID for Dummies* specifically teaches the claim limitations they supposedly correspond to.

Defense counsel at trial will present evidence on the content and disclosures in *RFID for Dummies*, as well as the limitations of claim 1, in order to argue that the former anticipates the latter. The jury will be asked to evaluate that evidence and then decide whether the prior art discloses all those limitations so as to render it invalid. The Federal Circuit has already concluded that a reasonable juror could find that *RFID for Dummies* discloses each element of claim 1 without expert testimony. ECF No. 445 at 15-16. Mr. Sweeney's testimony would only be admissible under Rule 702 and *Daubert* if it would help the jury understand the connection between the *RFID for Dummies* and the elements of claim 1 (*i.e.* how the prior art discloses each element). But Mr. Sweeney's report offers nothing more than an ultimate conclusion on anticipation devoid of analysis or reasoning. Without such an analysis, the report provides nothing additional that would help the jury draw that conclusion for itself.

Defendant's argument that Plaintiff's motion invites the Court to make the same error that resulted in reversal is unavailing. Defendant argues that "[t]o the extent Plaintiff is faulting Mr. Sweeney for not quoting the exact claim terms in his explanations, the Federal Circuit has already rejected such an overemphasis on linguistic differences rather than substantive claims."

---

[3] Defendant's contention that the chart is in Mr. Sweeney's own words because Mr. Sweeney wrote *RFID for Dummies* misses the point. *See* Def.'s Resp. at 20. Mr. Sweeney fails to use his own words to articulate the connection between the disclosures in the prior art on the one hand and claim 1 of the '967 Patent on the other.

Def.'s Resp. at 20, ECF No. 477. Defendant's argument is flawed, and only underscores the importance of requiring some analysis or reasoning by Mr. Sweeney on this issue. Without an explanation of how or why *RFID for Dummies* discloses MSBs despite not using those words, Mr. Sweeney's report is of no use to the jury. As explained above, the Federal Circuit has already found that a jury could draw that conclusion for itself by comparing *RFID for Dummies* with the elements of the claim; Mr. Sweeney's report does not help it draw that conclusion by merely stating that it does without analysis or explanation.

Finally, Defendant contends that, when read in the larger context of the preceding sections of the report, Mr. Sweeney's opinion is not conclusory. The Court has reviewed the remainder of Mr. Sweeney's report and finds that it does not make Mr. Sweeney's anticipation opinion any less conclusory. Again, even in the larger context of the report, Mr. Sweeney fails to provide any reasoning or analysis as to how specifically the *RFID for Dummies* references anticipate each limitation of the claim. Defendant may be correct that the background sections could aid the jury in understanding the technical facts and issues, but it does not articulate a rationale on how *RFID for Dummies* anticipates claim 1 of Patent '967. Mr. Sweeney's anticipation opinion is unhelpful to the jury unless he explains in his own words how the background sections of his report helped him arrive at that opinion. As with the claim chart itself, the report fails to draw a reasoned connection between the background sections and Mr. Sweeney's conclusion that the references in *RFID for Dummies* anticipates claim 1 of Patent '967.

In sum, the Court will not allow Defendant to use Mr. Sweeney as a mere mouthpiece to state the ultimate conclusion it wishes the jury to come to. Without meaningful analysis or reasoning, his opinion fails to satisfy the requirements of Rule 702 and *Daubert*. Accordingly,

Defendant may not offer Mr. Sweeney's opinion testimony that *RFID for Dummies* anticipates claim 1 of Patent '967 (¶¶ 88-91).

      2.    <u>Obviousness</u>

35 U.S.C. § 103(a) forbids issuance of a patent when "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." For a patented invention to be invalid as obvious, the accused infringer must identify prior art references that alone or in combination with other references would have rendered the claimed invention obvious to one of ordinary skill in the art at the time of the invention. *See e.g. Hitkansut LLC v. United States*, 130 Fed. Cl. 353, 369 (2017). "When an obviousness determination relies on the combination of two or more references, there must be some suggestion or motivation to combine the references." *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1355 (Fed.Cir.1999).

      To establish obviousness, expert opinion must be based on the combination of two or more references, the expert must "explain how specific references could be combined, which combination(s) of elements in specific references would yield a predictable result, [and] how any specific combination would operate or read on the asserted claims." *ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012). The expert must also "explain why a person of ordinary skill in the art would have combined elements from specific references *in the way the claimed invention does*." *Id.* at 1328 (emphasis in original). Mere conclusory statements are insufficient; "there must be some articulated reasoning with some rational underpinning to support the legal conclusion of obviousness." *Innogenetics, N.V. v.*

*Abbott Lab'ys*, 512 F.3d 1363, 1373 (Fed. Cir. 2008). Such conclusory testimony is "[un]helpful to a lay jury in avoiding the pitfalls of hindsight that belie a determination of obviousness." *Id.*

Applying the above rules, the Court finds that Mr. Sweeney's opinion that *RFID for Dummies* renders Patent '967 obvious will not "assist the trier of fact to understand or determine a material fact at issue." *See Kennedy*, 161 F.3d at 1227-28. Mr. Sweeney opines that claim 1 is obvious[4] because one of ordinary skill in the art would have had reason to combine references in *RFID for Dummies* and the EPCglobal's EPC Generation 1 Tag Data Standards Version 1.1 Rev. 1.27 ("SGTIN-96"). ECF No. 469-3 at ¶¶ 88, 91. But Mr. Sweeney's report fails to articulate any analysis as to how the references would work together and why a person of ordinary skill in the art would have been motivated to combine them.

On the issue of whether a combination of prior art renders a claim obvious, *Innogenetics* illustrates the failures of Mr. Sweeney's report. *See* 512 F.3d 1363. There, the expert report at issue "merely list[ed] a number of prior art references and then conclude[d] with the stock phrase 'to one skilled in the art it would have been obvious to perform the method in [the claims at issue]'" *Id.* at 1373. The Federal Circuit upheld the district court's finding that the alleged obviousness was deficient for purposes of disclosure under Rule 26. Because the report failed to state "how or why a person ordinarily skilled in the art would have found the claims of the…patent obvious in light of some combination of those particular references," it was not helpful to a lay jury. *Id.* at 1373. Mr. Sweeney's report fares no better than the report in

---

[4] Mr. Sweeney's report is unclear whether it offers an opinion as to the obviousness of claim 1 at all. In ¶ 88, he notes that his obviousness opinions pertain to claims 2-6 and 13-14, but in ¶ 91, he asserts that "it is my opinion that all asserted claims are invalid over *RFID for Dummies* alone or in combination with the SGTIN-96 standard. ECF No. 469-3. Despite this ambiguity, the Court assumes for purposes of this motion that Mr. Sweeney's report offers an opinion on the obviousness of claim 1 with reference to *RFID for Dummies*.

*Innogenetics*. As in that case, a mere list of the prior art references—along with an ultimate opinion on the issue of obviousness—without any analysis or reasoning, is insufficient and unhelpful to the jury.

Similarly, on the issue of motivation to combine, the Federal Circuit in *Innogenetics* found that a single conclusory sentence that one skilled in the art would have had motivation to combine prior art references was insufficient. The court noted that general "knowledge of a problem and motivation to solve it" is different from a specific "motivation to combine *particular references*." *Id.* at 1374-74 (emphasis added). Mr. Sweeney's report, like that in *Innogenetics*, lacks any analysis on the issue of motivation to combine the specific references at issue.

Defendant's citations to portions of the background sections of Mr. Sweeney's report do not provide any additional analysis. Defendant contends that in those sections, "[t]he state of the art and motivations for why the RFID industry adopted the hierarchical numbering scheme in the EPC are directly relevant to the motivations to combine prior art that addresses these very same issues." Def.'s Resp. 23. Likewise, Defendant identifies a portion of the report that identifies challenges in the RFID field and states that a person of ordinary skill "would readily be able to combine a given serialization strategy with a particular data structure such as SGTIN-96." ECF No. 469-3 at ¶ 24. But without mentioning the prior art at issue, *RFID for Dummies*, the citations to the background sections of the report amount to nothing more than evidence of "knowledge of a problem and motivation to solve it" rather than specific motivation to combine *particular references*." *Id.* at 1374-74 (emphasis added).

Mr. Sweeney's conclusory obviousness opinion is unhelpful to the jury without an analysis as to (1) how or why a person of ordinary skill in the art would have found claim

1 obvious in light of *RFID for Dummies* in particular or (2) a motivation to combine *RFID for Dummies* with SGTIN-96 in particular. As with Mr. Sweeney's opinion on anticipation, the report does nothing to explain how or why the jury should find claim one of Patent '967 obvious based on *RFID for Dummies*, only that it should. Accordingly, the Court finds that Mr. Sweeney's conclusory opinion on this issue is not admissible under Rule 702 and *Daubert*.

### B. Kunho

Plaintiff also seeks to exclude Mr. Sweeney's opinion that claim 1 of the '967 Patent was anticipated by Kunho. Applying the same rules and framework set forth above with respect to *RFID for Dummies*, the Court finds that Mr. Sweeney's anticipation opinion regarding Kunho is inadmissible under Rule 702 and *Daubert*.

Mr. Sweeney's anticipation opinion on Kunho suffers the same deficiencies as his opinion on *RFID for Dummies*. As addressed above, a side-by-side chart with the elements of the claim on one side and the prior art disclosures does not pass Rule 702/*Daubert* muster when it does not provide a meaningful analysis as to ***how*** each disclosure in the prior art teaches each limitation of the claim. Without such analysis, Mr. Sweeney's bare assertion that each limitation of the claim is disclosed by Kunho does not aid the jury in reaching that conclusion for itself. It is therefore inadmissible.

## CONCLUSION

Plaintiff's Motion to Exclude Testimony of Defendant's Invalidity Expert (ECF 469) is GRANTED. Mr. Sweeney's opinion testimony that '967 Patent was made obvious and was anticipated by *RFID for Dummies* or was anticipated by Kunho is inadmissible. [5]

---

[5] The Court notes that Plaintiff's motion pertains to the admissibility of Mr. Sweeney's opinions on these issues specifically, not whether Mr. Sweeney may testify in other ways which may be of value to the jury. *See*, *e.g.* Fed. R. Evid. 702 Advisory Committee Notes ("Most of the literature assumes that experts testify only in the form of opinions. This assumption is logically unfounded.

DATED this 2nd day of June 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge

---

The rule accordingly recognizes that an expert on the stand may give a dissertation or exposition of scientific or other principles relevant to the case, leaving the trier of fact to apply them to the facts"). Accordingly, the Court does not make any finding as to the admissibility of Mr. Sweeney's testimony on any facts or issues beyond his opinions on obviousness and anticipation based on *RFID for Dummies* and Kunho.