UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION


ADASA INC.,

        Plaintiff,

v.

AVERY DENNISON CORPORATION,

        Defendant.

Case No. 6:17-cv-01685-MK

OPINION AND ORDER

Re: SANCTIONS MANDATE

**KASUBHAI,** United States Magistrate Judge:

Before the Court is the Federal Circuit's Mandate vacating and remanding the Court's sanction of Defendant Avery Dennison for its discovery misconduct. Mandate ECF No. 457; *see*

Page 1 — OPINION AND ORDER

*Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 917 (Fed. Cir. 2022), *cert. denied*, 143 S. Ct. 2561 (2023). Both parties consented to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636(c). ECF No. 29. For the reasons explained below and in accordance with the Federal Circuit's reasoning, the Court awards Plaintiff Adasa a sanction amount of $.0025 per infringing radio-frequency identification (RFID) tag that Defendant failed to disclose until after the first trial.

## BACKGROUND

In October 2017, Plaintiff sued Defendant for infringement of its patent on RFID tags. Following trial, on May 14, 2021, the jury returned a verdict of infringement and awarded Plaintiff a running royalty of $.0045 per infringing RFID tag in Defendant's database, a total of 5,920,417,056 tags. Jury Verdict ECF No. 331.

On June 10, 2021, before the Court ruled on Defendant's post-trial motion, Defendant revealed to Plaintiff that it had discovered additional, previously undisclosed RFID tags in its database. An investigation by a third-party auditor subsequently determined that the number of undisclosed tags was substantial, totaling more than two billion. Defendant, for its part, stipulated the untimely disclosed tags infringed (subject to appeal) and agreed to pay an additional $9,417,343 in damages, corresponding to the jury's rate of $0.0045 per tag. Plaintiff also moved for sanctions under Fed. R. Civ. P. 37 and requested a hearing to determine the appropriate remedy for Defendant's discovery violation.

The Court held multiple evidentiary hearings to determine, *inter alia*, the nature and cause of Defendant's failure to produce the infringing tags until after trial. Defendant initially asserted that the discovery omissions were the result of its failure to appreciate how to

exhaustively search the data in a separate legacy computer system. ECF No. 414 at 8:1–7 (Oct. 1, 2021 Hearing Transcript). However, Defendant later admitted that, in fact, Defendant did not search the legacy computer system until after trial. *Id.* at 8:20–25. Defendant further admitted that, in hindsight, certain red flags should have made Defendant aware of its discovery failures as early as December 2019. *Id.* at 8:15–19.

After hearing testimony from multiple witnesses, the Court found that, based on the "totality of the way in which [Defendant] has treated this case", Defendant, at best, acted with "careless negligence[,]" and "[a]t worst, acted with a reckless disregard for -- for the litigation process that is contrary to the expectations of the rules of civil litigation, and disrespect for our judicial system and for the peaceful resolution of disputes between parties." *Id.* at 62:6–25, 63:18–23. The Court further observed that Defendant had no justifiable explanation for its discovery misconduct:

> I hold the sanctionable conduct at the feet of Avery Dennison. Why they chose to treat this in as careless a way and as reckless a way is beyond me, but they did, and they didn't take litigation seriously, and now they're accountable for it. And if anyone on -- in Avery Dennison is and has been participating in this hearing, then you've heard it from me. Make sure you share it with those that are in charge, because the idea that one can just simply obfuscate and pretend that the case will just go away if you don't provide necessary information as required under our rules is not the way we do business in our judiciary, and it came to light today.

*Id.* at 6:19–25, 68:1–4.

In its written opinion imposing sanctions, the Court concluded that Defendant's discovery misconduct was not unintentional, finding that "Defendant repeatedly *opted* to stick its head in the sand, expecting that everyone else would do the same." *Adasa, Inc. v. Avery Dennison Corp.*, No. 6:17-CV-01685-MK, 2021 WL 5921374, at *14 (D. Or. Dec. 15, 2021), *aff'd in part*,

Page 3 — OPINION AND ORDER

*vacated in part*, *remanded*, 55 F.4th 900 (Fed. Cir. 2022) (emphasis added). The Court then imposed a financial sanction of $.0025 per infringing tag determined to exist as of the date of the verdict. *Id.* That is, the Court applied the sanction to both the timely and the untimely disclosed tags.

On appeal, the Federal Circuit[1] found that the Court did not abuse its discretion in imposing a monetary sanction for Defendant's discovery misconduct. *Adasa, Inc.*, 55 F.4th at 916. However, the Federal Circuit vacated the Court's decision to impose a per tag sanction on *all* the infringing tags. *Id.* 116–17. The Federal Circuit explained "that, in tying that award to the liability associated with properly disclosed tags, the district court strayed from the proper focus of Rule 37 sanctions: remedying the harm caused by the discovery violation and deterring similar violations in the future." *Id.* at 917 n.9. Given the Court's "chosen method for calculating the remedy," the Federal Circuit vacated and remanded for reconsideration of the appropriate remedy. *Id.* at 917. On remand, the Court ordered briefing on the issue of sanctions and held oral argument on October 24, 2023. ECF No. 606.

## LEGAL STANDARD

Fed. R. Civ. P. 37(c)(1)(C) authorizes district courts to impose monetary sanctions for unjustified and harmful discovery failures. *Id.* at 916. District courts have particularly wide latitude to exercise their discretion in issuing sanctions under Rule 37(c)(1). *R&R Sails, Inc. v. Ins Co. of Pa.*, 673 F.3d 1240, 1245 (9th Cir. 2012). However, "[t]he sanctions awarded [must] bear a 'reasonable relationship' to the harm that occurred." *SynQor, Inc. v. Artesyn Techs., Inc.*,

---

[1] Pursuant to 28 U.S.C. § 1295(a)(1), the Federal Circuit has exclusive jurisdiction "of an appeal from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents[.]"

Page 4 — OPINION AND ORDER

709 F.3d 1365, 1386 (Fed. Cir. 2013) (quoting *BMW of N. Am., Inc., v. Gore,* 517 U.S. 559, 580–81 (1996)). In other words, the sanction award must flow from the harm of the party's litigation misconduct. *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 581 (9th Cir. 1992) (abuse of discretion where Rule 37(c) sanctions tied to litigation misconduct that occurred prior to Defendant's sanctionable acts).

## DISCUSSION

By mandate of the Federal Circuit, the decision to impose a monetary sanction on Defendant pursuant to Rule 37 stands, and the Court is tasked with recalculating the sanction to be more narrowly tailored to the harm flowing from Defendant's unjustified failures to comply with the rules of discovery.

As the Federal Circuit explained, by tying the sanctions award to both the timely and untimely disclosed tags, the Court "divorced the remedy from the harm that flowed from [Defendant's] discovery violation." *Adasa Inc.*, 55 F.4th at 917. The Court reconciles the remedy to the harm by imposing a sanction on each tag that Defendant failed to produce until after trial. Such a sanction is consistent with the Federal Circuit's reasoning; it deters similar future violations and clearly bears a reasonable relationship to the harm of Defendant's unjustified discovery misconduct.

In trying to accommodate a level of professionalism between the parties, the Court repeatedly extended goodwill to Defendant's former counsel to keep her client in order. Admittedly, the Court should have been more explicit in condemning Defendant's inexcusable behavior in failing to adequately ensure its compliance with the rules of discovery and the Court's orders. As the Court previously observed, "even on the final day of post-trial hearings, Defendant could not assure the Court that it had ever reliably sought the discovery to which

Plaintiff was entitled—its own purported expert who would be able to explain how the search for potentially infringing tags had been conducted was withdrawn because Defendant had to acknowledge the expert was never asked to conduct a search in the first place." *Adasa, Inc.*, 2021 WL 5921374, at *14. Defendant's post-trial "discovery" did not stem from a simple oversight. Rather, it reflects a pattern of a patent and continuous disregard for the seriousness of this litigation and the consequences of not making a good faith effort to comply with the rules of discovery. In any industry, failure to account for a quarter of one's inventory is a fireable offense, and here, requires more than judicial admonishment.

Plaintiff asserts that Defendant's discovery misconduct permitted it to obtain a reduced royalty rate from the jury at trial. Pl.'s Br. On Disc. Sanctions ECF No. 470. If true, then failing to tie the sanction to all infringing tags would insufficiently remedy the harm arising out of Defendant's discovery misconduct. However, nothing in Rule 37 requires that a sanction wholly remedy the harm that occurred. Moreover, the jury's reasoning for deciding to issue a $.0045 per tag royalty rate, and not more, remains locked away in the proverbial black box. The Court declines to base its sanctioning on a hypothetical about what the jury might have done if presented with the complete volume of infringing tags. The only way to know the royalty rate that a jury would award if presented with all the infringing tags would be to hold another jury trial limited to that issue, a suggestion by the Court that Plaintiff opposed at oral argument. 8:14–22 ECF No. 607 (Oct. 24, 2023 Oral Arg. Transcript).

Based on the totality of the circumstances, including the arguments, explanations, and testimony presented during the multiple hearing on sanctions, the Court finds Defendant at fault for its failure to produce over two billion tags until after the first trial. Sanctioning Defendant $.0025 for each untimely produced tag bears a reasonable relationship to the harm that occurred

because it is specifically tied to Defendant's discovery misconduct. To be clear, the Court is not revising the jury's royalty rate. This sanction would apply regardless of Plaintiff's favorable verdict at trial. Sanctioning Defendant $.0025 per untimely disclosed tag represents a sufficient and appropriate remedy given Defendant's reckless disregard for its obligation to comply with the rules of discovery.

The Court declines to consider Plaintiff's additional arguments regarding the Court's inherent authority, 28 U.S.C. § 1927, and 35 U.S.C. § 284, and finds Defendant's briefing on the topic of sanctions unpersuasive.

## CONCLUSION

Consistent with the reasoning set forth in the Federal Circuit's Mandate and for the reasons explained above, the Court finds financial sanctions in the amount of $.0025 per tag, applied to each of the 2,092,742,863 tags that Defendant failed to disclose until after the first trial is appropriate.

IT IS SO ORDERED.

DATED this 25th day of January 2024.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge