UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ADASA INC., | Case No. 6:17-cv-01685-MK |
| Plaintiff, | OPINION AND ORDER |
| vs. | Re: PLAINTIFF'S MOTION FOR ATTORNEYS' FEES |
| AVERY DENNISON CORPORATION, | UNDER 35 U.S.C. § 285 FOR THE REMAND |
| Defendant. | PROCEEDINGS AND PREJUDGMENT INTEREST |

**KASUBHAI,** United States Magistrate Judge:

Plaintiff Adasa Inc. brought this action alleging that Defendant Avery Dennison infringed its patent in violation of 35 U.S.C. §§ 271(a), (b), (c), and (f). Sec. Am. Compl., ECF No. 112.

OPINION AND ORDER — Page 1

Both parties consent to jurisdiction by a U.S. Magistrate Judge. ECF No. 29. Before the Court is Plaintiff's motion for attorneys' fees under 35 U.S.C. § 285 and motion for prejudgment interest under 35 U.S.C. § 284. Pl.'s Mot. For Attys' Fees and Pre J. Interest, ECF No. 585 ("Pl.'s Mot."). Defendant opposes both motions. Def.'s Resp. in Opp. to Pl.'s Mot. for Attys' Fees and Pre J. Interest, ECF No. 589 ("Def.'s Resp."). For the reasons described below, Plaintiff's motion for attorneys' fees is GRANTED; Plaintiff's motion for prejudgment interest is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff Adasa Inc., an Oregon corporation, is the owner of United States Patent No. 9,798,967 (the "'967 Patent"). The '967 patent relates, in part, to methods and systems for commissioning radio-frequency identification (RFID) transponders. '967 patent at 3:27–32. RFID transponders, also known as RFID tags, are used, like barcodes, to identify and track objects by encoding data electronically in a compact label. *Id.* at 1:32–34. But unlike traditional barcodes, RFID tags need not include external readable labels and can instead communicate the data they encode over a distance using radio-frequency transmission. *Id.* at 1:34–53, 6:28–59. The '967 patent seeks to overcome certain shortcomings in the commissioning of unique serial numbers on RFID tags.

Relevant to this Opinion and Order, in October 2017, Plaintiff sued Defendant alleging its manufacture and sale of certain RFID tags infringed claim 1 of the '967 patent. Following discovery, both parties sought summary judgment. The Court denied Defendant's motion for summary judgment on noninfringement and granted Plaintiff's motion for summary judgment that claim 1 is neither anticipated by U.S. Patent No. 7,857,221 (the "Kuhno patent") or the book *RFID for Dummies* nor rendered obvious by *RFID for Dummies* in combination with

certain industry standards. *Adasa Inc. v. Avery Dennison Corp.*, No. 6:17-CV-01685-MK, 2020 WL 5518184, at *2 (D. Or. Sept. 14, 2020), *aff'd in part, rev'd in part*, 55 F.4th 900 (Fed. Cir. 2022). Additionally, the Court granted judgment in Plaintiff's favor that claim 1 was directed to an encoded RFID transponder implemented with a memory structure accommodating a specific hardware-based number scheme, effectively granting summary judgment in Plaintiff's favor as to patent eligibility under 35 U.S.C. § 101. *Id.* at *8.

The parties then proceeded to trial on the issues of infringement of claim 1 and damages. On May 14, 2021, the jury returned a verdict of infringement in Plaintiff's favor. Following the verdict, Defendant discovered additional infringing tags that it failed to produce before trial. The Court applied the jury's royalty rate to the untimely disclosed tags, adding that amount to the jury's award and imposed sanctions on Defendant. The Court also found that Defendant's conduct throughout the course of the litigation constituted an "exceptional case" under 35 U.S.C. § 285 and awarded Plaintiff attorneys' fees.

On October 14, 2021, the Court entered final judgment ("Initial Final Judgment"). Final Rule 58 Judgment, ECF No. 430. The Initial Final Judgment included (1) the jury's award in damages for the direct infringement through March 31, 2021; (2) prejudgment interest on the jury's award at the rate of nine percent per annum without compounding; (3) taxed costs; (4) attorneys' fees pursuant to § 285; (5) sanctions for Defendant's untimely disclosure of infringing tags; and (6) ongoing royalties on revenues for sales made by Defendant of the infringing products from May 15, 2021 until the expiration of the '967 Patent.[1] *Id.* The parties are still resolving the number of tags in the ongoing royalty category. Pl.'s Mot. at 23.

---

[1] The jury's award in damages totaled $36,059,220, including $9,417,343 based on the additional infringing tags found by Defendant post-verdict; prejudgment interest on the jury's damages award totaled $4,010,267; taxed costs totaled $55,424.70; attorneys' fees totaled $2,250,000; the Court sanctioned Defendant $20,032,889.80; and the ongoing royalty rate was set at $.009 per tag. Final Rule 58 Judgment, ECF No. 430

OPINION AND ORDER — Page 3

Thereafter, Defendant appealed, *inter alia*, the Court's summary judgment rulings on eligibility, anticipation, and obviousness. On December 16, 2022, the Federal Circuit (1) affirmed the Court's holding that claim 1 is eligible under § 101 as a matter of law; (2) reversed the Court's grant of summary judgment that *RFID for Dummies* does not anticipate or render obvious claim 1; and (3) reversed the Court's grant of summary judgment of no anticipation based on the Kuhno patent, remanding for further proceedings. *Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 910–13 (Fed. Cir. 2022). The Federal Circuit also vacated the Court's sanction award, remanding for reconsideration of the appropriate remedy. *Id.* at 917.

On January 11, 2023, the Court held a status conference regarding the remand proceedings. Described further below, Defendant repeatedly sought to expand the scope of the remand proceedings. However, based on the Federal Circuit's mandate, the Court excluded from evidence all prior arts besides the Kuhno patent and *RFID for Dummies*. On July 11, 2023, the parties again proceeded to trial. ECF No. 555 ("Remand Trial"). The jury was tasked with determining whether Defendant proved that claim 1 of the '967 patent (1) is anticipated by the Kuhno prior art; (2) is anticipated by the *RFID for Dummies* prior art; or (3) was obvious in light of *RFID for Dummies* prior art. Jury Verdict, ECF No. 577. On July 18, 2023, the jury returned the verdict in Plaintiff's favor on all three questions and the Court entered judgment.[2] ECF Nos. 577, 579. On August 2, 2023, Plaintiff filed the present motion for attorneys' fees under 35 U.S.C. § 285 and motion for prejudgment interest under 35 U.S.C. § 284. In accordance with the Federal Circuit's mandate, on January 25, 2024, the Court revised the initial sanctions award.[3]

---

[2] Plaintiff's Motion contains what appears to be a scrivener's error, citing the judgment in the remand proceedings as dated July 20, 2023. Pl.'s Mot. at 23, citing ECF No. 579.
[3] The revised sanction amount is $5,231,857.16

OPINION AND ORDER — Page 4

ECF No. 611. With incorporation of the revised sanctions award, all aspects of the Initial Final Judgment were effectually confirmed.

## LEGAL STANDARDS

For all substantive issues of patent law, the Court applies the law of the Court of Appeals for the Federal Circuit. *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1106 (Fed. Cir. 2003). For issues not unique to patent law, the Court applies the law of the regional circuit in which it sits, here, the 9th Circuit. *Id.*

### I.      Attorneys' Fees — 35 U.S.C. § 285

Title 35 § 285 of the United States Code permits an award of reasonable attorney fees to a prevailing party in "exceptional cases." *See* 35 U.S.C. § 285. The Supreme Courts has explained that an exceptional case is one that, considering the totality of the circumstances, "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). While "there is no precise rule or formula" for considering the totality of the circumstances, a district court may weigh such factors as "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* at 554 n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.17 (1994)). "Section 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less such a high one," thus a litigant only must show that it is entitled to fees under Section 285 by a preponderance of the evidence. *Id.* at 557–58.

Under relevant precedent, there are generally two categories that the district court should look to when considering a fee award: (1) litigation misconduct and (2) advancing substantively weak or repetitive arguments throughout the course of trial. More specifically, "misconduct during litigation" alone can make a case exceptional. *Beckman Instr. Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). Additionally, "courts have awarded attorneys' fees under Section 285 where a party advances arguments that are particularly weak and lack support in the record or seek only to re-litigate issues the court has already decided." *Enovsys LLC v. AT&T Mobility LLC*, No. CV 11-5210 SS, 2016 WL 3460794, at *6 (C.D. Cal. Feb. 16, 2016). It is the "substantive strength," not the "correctness or eventual success," of a party's position that is relevant to the determination that a case qualifies as "exceptional." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015) (also finding that "[a] district court may declare a case exceptional based on unreasonable and vexatious litigation tactics, even where it finds the legal theories advanced not objectively baseless"). Ultimately, the decision of whether to award attorney fees is left to the district court's sound discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 563 (2014).

## II.    Prejudgment Interest — 35 U.S.C. § 284

In patent litigation, prejudgment interest on damages is awarded pursuant to 35 U.S.C. § 284, which states in relevant part:

> Upon a finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

This interest should be awarded from the time infringement began until the entry of judgment. *See, e.g.*, *Bio-Rad Laboratories, Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 967 (Fed. Cir. 1986). Prejudgment interest is "necessary" in a typical case "to ensure the patent

OPINION AND ORDER — Page 6

owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty rate." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 (1983). "[P]rejudgment interest should ordinarily be awarded absent some justification for withholding such an award." *Id.* at 657.

Courts must also determine the proper rate to apply. Because there is no standard rate for calculating prejudgment interest provided in the statute, district courts have "substantial discretion" to determine the interest rate in patent infringement cases. *See Gyromat Corp. v. Champion Spark Plug Co.*, 735 F.2d 549, 556–57 (Fed. Cir. 1984) (concluding "that the determination whether to award simple or compound interest [ ] is a matter largely within the discretion of the district court").

## DISCUSSION

### I.  Attorneys' Fees

Plaintiff moves for an award of attorney fees for the remand proceedings in the amount of approximately $650,000.[4] Pl.'s Mot. at 22. Defendant opposes the motion and argues that its litigation conduct was reasonable, and that Plaintiff unreasonably seeks recovery of fees for routine litigation tasks. Def.'s Resp. at 22–25. Viewing the totality of Defendant's conduct throughout the course of the remand proceedings, the Court finds that this is an exceptional case. Plaintiff is therefore entitled to an award of attorneys' fees.

Defendant's repeated attempts to expand the scope of the Federal Circuit's mandate weighs in favor of finding this case exceptional. The Federal Circuit's remand was not an open invitation to relitigate the case. Regarding claim 1's validity, the Federal Circuit held there was a

---

[4] Plaintiff does not seek its fees for the appeal to the Federal Circuit, the Supreme Court petition, or any expert fees associated with the remand proceedings. Pl.'s Mot. at 1 n.1.

genuine issue of fact whether *RFID for Dummies* or the Kuhno patent anticipated or rendered obvious claim 1. *Adasa Inc.*, 55 F.4th at 911, 913. As this Court previously explained:

> The appeal was very narrowly focused, and that was by terms that the defendant put forward at the appellate stage. For whatever tactical reasons or strategic reasons, that was the focus. [Defendant] w[as] able to succeed in getting the case remanded for the purposes of Kuhno and *RFID for Dummies* and that's it.

Transcript of Proceeding 4:15–19 ECF No. 545 (June 28, 2023 Pretrial Conference, denying Defendant's Motion for Reconsideration). Moreover, although the Federal Circuit held that "claim 1 is directed to eligible subject matter as a matter of law" Defendant continued to litigate eligibility on remand. *Adasa Inc.*, 55 F.4th at 909. Despite the Federal Circuit's mandate and the Court's repeated reminders, Defendant improperly attempted to expand the scope of the mandate, multiplying the proceedings, and wasting the time and resources of Plaintiff and the Court.

Defendant's conduct during trial also weighs in favor of finding this case exceptional. As but one example, pretrial, Defendant stated that it did not object to preadmission of exhibit PTX19, an internal Avery Dennison document. During trial, however, Defendant objected to Plaintiff's use of PTX19 and later asserted that its pretrial nonobjection was conditioned on Plaintiff later introducing the exhibit by laying a foundation with a witness. To clarify the apparent confusion about what it meant to admit an exhibit without objection, the Court discussed the matter with Counsel outside the jury's presence. The Court informed Defendant that if it now had an objection to the admission of PTX19 then it could object and Plaintiff would not be permitted to use the exhibit without laying a foundation, otherwise the exhibit would be admitted without restriction. 7/13/2023 Transcript of Proceedings at 526:7–17, ECF No. 572 (Trial Day 3). Defendant affirmed its understanding of this practice and stated that "[PTX]19 is un-objected to." *Id.* at 528:3–4, 533:6. However, on the evening of this colloquy and after trial

OPINION AND ORDER — Page 8

recessed for that day, Defendant notified Plaintiff that it objected to Plaintiff's use of PTX19. Pl.'s Mot. Ex. Q at 2, ECF No. 585-19 (Def.'s Objections to Demonstratives and Exhibit Disclosures). The following day, the Court took up the issue for a fourth time, overruling Defendant's re-resurrected objection to Plaintiff's use of PTX19. 7/14/2023 Transcript of Proceedings, 921:23–926:4, ECF No. 573 (Trial Day 4). Thus, Defendant's conduct before and during trial weigh in favor of awarding Plaintiff attorneys' fees. *See San Diego Comic Convention v. Dan Farr Prods.*, No. 14-CV-1865-AJB-JMA, 2019 WL 1599188, at *3 (S.D. Cal. Apr. 15, 2019) ("Defendant also repeatedly attempted to relitigate issues the Court has already decided.") *aff'd in part, vacated in part, remanded*, 807 F. App'x 674 (9th Cir. 2020) (affirming district court's "deeming [the] case 'exceptional' and granting attorney fees" where the district judge highlighted the defendants' "failure to comply with court rules, persistent desire to re-litigate issues already decided, advocacy that veered into 'gamesmanship,' and unreasonable responses to the litigation").

While the individual acts highlighted above and in isolation might not make Defendant's misconduct look exceptional, its conduct over the course of the entire remand proceedings support the conclusion that this is an exceptional case. Having witnessed the manner in which Defendant litigated throughout the remand proceedings, the Court finds that Defendant's conduct exceeded the bounds of zealousness, veering towards vexatiousness. Considering Defendant's repeated attempts to unnecessarily prolong litigation and improperly expand the scope of the remand proceedings, the Court finds this case exceptional under the totality of circumstances. *Octane Fitness*, 572 U.S. at 554; *see Drop Stop LLC v. Jian Qing Zhu*, 757 F. App'x 994, 998 (Fed. Cir. 2019) (affirming award of attorneys' fees for plaintiff when defendant committed numerous instances of discovery misconduct which the district court found "[t]aken individually,

the pieces of the story might not make Defendants' conduct look exceptional. The whole tale, however, leads to a different conclusion.").

Next, Defendant asserts that even if this case is exceptional, Plaintiff improperly seeks an award of attorneys' fees for routine litigation tasks unrelated to Defendant's alleged misconduct. Def.'s Mot. at 25. Federal Circuit law controls the calculation of reasonable attorney fees in patent infringement cases. *Bywaters v. United States*, 670 F.3d 1221, 1227–28 (Fed. Cir. 2012). District courts are "afforded considerable discretion" in determining the reasonableness of the moving party's attorneys' fees under Section 285. *Id.* at 1228. "Normally this will encompass all hours reasonably expended on the litigation." *Mathis v. Spears*, 857 F.2d 749, 755–56 (Fed. Cir. 1988); *see also Monolithic Power Systems, Inc. v. O2 Micro Int'l Ltd.*, 726 F.3d 1359 (Fed. Cir. 2013) (affirming an exceptional finding for a full award of attorney fees when the exceptional conduct spanned the entire case).

The Federal Circuit has endorsed the "lodestar" approach to calculating reasonable attorneys' fees, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. *Bywaters*, 670 F.3d at 1225–26; *Lumen View Tech. LLC v. Findthebest.com, Inc.*, 811 F.3d 479, 483 (Fed. Cir. 2016) (lodestar method yields "a presumptively reasonable attorney fee amount").[5]

---

[5] To determine the lodestar amount the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002) (quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for its award of attorney fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

OPINION AND ORDER — Page 10

The Court finds the hourly rates supplied by Plaintiff's counsel to be reasonable given the time and labor required as well as requisite experience and reputation of counsel. The Court further finds that Plaintiff may supplement their fees to include post-trial motions.

### II. Prejudgment Interest

Plaintiff moves for prejudgment interest pursuant to 35 U.S.C. § 284. In the underlying litigation, the Court held that the Oregon statutory rate of nine percent simple interest per annum was the appropriate prejudgment interest rate. Opinion and Order at 10, ECF No. 438. In the present motion, the parties do not dispute applying the same prejudgment interest rate.

Defendant asserts that no prejudgment interest should apply beyond the Initial Final Judgment date of October 14, 2021 because Plaintiff is responsible for the delay caused by the remand proceedings which are a direct result of its subsequently reversed motion for summary judgment. Def.'s Resp. at 25–26. Plaintiff replies that the filing of its motion for summary judgment was not improper and any undue delay rests with Defendant's repeated efforts to prolong the litigation by attempting to relitigate previously decided issue. Pl.'s Reply to Mot. for Attorney Fees at 3, ECF No. 595.

"[I]t may be appropriate to limit prejudgment interest, or perhaps even deny it altogether, where the patent owner has been responsible for undue delay in prosecuting the lawsuit." *Gen. Motors Corp.*, 461 U.S. at 657. Determination of "whether the plaintiff has unduly delayed prosecution of the lawsuit" is left to the discretion of the district court. *Id.* at 657 n.11. Although Plaintiff's motion for summary judgment was subsequently reversed by the Federal Circuit, the Court finds that Plaintiff's filing of the motion was not improper. Any delay resulting from Plaintiff's subsequently reversed motion for summary judgment was not undue. The Court

OPINION AND ORDER — Page 11

rejects Defendant's assertion that Plaintiff is not entitled to prejudgment interest beyond the Initial Final Judgment date.

Plaintiff moves for prejudgment interest on all monetary aspects of the Initial Final Judgment. Pl.'s Reply at 3. Defendant responds that Plaintiff is not entitled to prejudgment interest for the attorneys' fees portion or the sanctions portion on the Initial Final Judgment because they are punitive rather than compensatory damages. Def.'s Resp. at 26. Regarding the prejudgment portion of the Initial Final Judgment, Defendant asserts that the previous award of prejudgment interest should be re-calculated applying the previously determined interest rate to each year's sales of infringing tags. *Id.*

Prejudgment interest is "necessary" in a typical case "to ensure the patent owner is placed in as good a position as he would have been in had the infringer entered into a reasonable royalty rate." *Gen. Motors Corp.*, 461 U.S. at 655. "It is awarded to compensate for the delay in payment of the damages, and not to punish the infringer." *Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983), *rev'd on other grounds*, *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007). Accordingly, prejudgment interest ordinarily applies "to the primary or actual damage portion and not to the punitive or enhanced portion." *Id.* Attorneys' fees awarded under § 285 can be compensatory in nature, punitive in nature, or both. *Octane Fitness, LLC*, 572 U.S. at 554 n.6 (in the comparable context of the Copyright Act, attorneys' fees may be "need[d] in particular circumstances to advance considerations of compensation and deterrence") (quoting *Fogerty*, 510 U.S. at 534 n.17). District courts have the inherent authority to order prejudgment interest on attorneys' fees "in cases of bad faith or other exceptional circumstances." *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) (internal quotation omitted). However, exercise of that inherent authority is discretionary; nothing in § 284 requires

a district court to award prejudgment interest following a finding that the case is "exceptional" under § 285. *Id.*

The Court sanctioned Defendant under Fed. R. Civ. P. 37(c)(1)(C) which authorizes district courts to impose monetary sanctions for unjustified and harmful discovery failures. *Adasa, Inc.*, 55 F.4th at 916. The revised sanction award is therefore punitive rather than compensatory in nature. The Court declines to impose prejudgment interest on the revised sanction portion incorporated into the Initial Final Judgment.

In contrast, the nature of an attorneys' fees award can be compensatory, punitive, or both, depending on the circumstances. Finding a case "exceptional" under § 285 does not require a finding of independently sanctionable conduct. *Octane Fitness*, 572 U.S. at 555. As explained in the Court's prior ruling, the award of attorneys' fees in the Initial Final Judgment was granted based on the totality of Defendant's litigation conduct. *See* Dec. 15, 2021 Opinion & Order at 6, ECF No 438. Because the award of attorneys' fees was compensatory rather than punitive in nature, the Court orders prejudgment interest on the attorneys' fees portion of the Initial Final Judgment.

Applying prejudgment interest to the prejudgment interest portion of the Initial Final Judgment amounts to compounding interest which the Court has not awarded in prior rulings and declines to do so now. The previous award of prejudgment interest shall be re-calculated with a final judgment date of July 18, 2023, applying nine percent simple interest per annum to the $36,059,220 damages portion of the Initial Final Judgment. Once the parties resolve the number of tags subject to the ongoing royalty rate, prejudgment interest shall apply to that aspect of the Initial Final Judgment for the period of May 15, 2021 to July 18, 2023. Prejudgment interest

shall apply from October 14, 2021 to July 18, 2023 on the taxed costs ($55,424.70) and the attorneys' fees ($2,250,000) portions of the Initial Final Judgment.

## CONCLUSION

For the reasons explained above, Plaintiff's Motion for attorneys' fees pursuant to 35 U.S.C. § 285 is GRANTED. Prior to submitting a proposed Final Judgment, Plaintiff is ORDERED to supplement its declaration of attorneys' fees to include the attorneys' fees that reasonably accumulated during its post-trial motions practice. Plaintiff's Motion for prejudgment interest pursuant to 35 U.S.C. § 284 is GRANTED in part DENIED in part. Within fourteen (14) days of this Order, Plaintiff is ORDERED to submit a proposed Final Judgment, calculating all awards consistent with the Court's rulings on post-trial motions.

DATED this 27th day of February 2024.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge